Frederic T. Henry, J.
This is an action to enjoin the individual defendants, as officers of the defendant town, from enforcing the provisions of subdivision 4 of section 33 of article VI of the Zoning Ordinance of said town, which ordinance prohibits the location of places selling alcoholic beverages for on-premises consumption within one-half mile of a school and within 1,000 feet of any public playground, hospital, church, synagogue or children’s home.
The defendant, New York State Liquor Authority, upon its motion, was permitted to intervene as a necessary party, under section 124 of the Alcoholic Beverage Control Law and by its answer also asks that enforcement of the local ordinance be enjoined as void in that it conflicts with the Alcoholic Beverage Control Law.
Plaintiff, whose business location is within the distance of a public school prohibited under the town zoning ordinance, was granted a license for on-premises consumption of alcoholic beverages by unanimous vote of the Alcoholic Beverage Control Board. Threatened by the town authorities with prosecution under the local zoning ordinance if he sold alcoholic beverages, and, being denied a use permit for such purposes, he brought this action for an injunction against the enforcement of the local ordinance.
The answer of the original defendants sets forth three separate defenses to the application, in paragraphs numbered “13 ” to “ 50 ” inclusive. These “ defenses ” are challenged by plaintiff and the defendant, New York State Liquor Authority, as being insufficient in law.
The first defense states that the Alcoholic Beverage Control Board must make the affirmative finding of fact that public convenience will be promoted by the issuance of the license at the particular location of the application; that such presumed finding by the board in granting this license is contrary to fact and an abuse of its discretion; that the board knew of the town ordinance in question and that the town, its residents and property owners would be damaged by its action and yet proceeded to grant the application without notice to any of such interested parties or giving them an opportunity to be heard and that it acted solely on ex parte application and investigation. The *1008 action is characterized as arbitrary, capricious and unlawful, and the license void. The defendants thus seek to review the action of the Alcoholic Beverage Control Board.
Section 121 of the Alcoholic Beverage Control Law defines the sole instances in which a board’s administrative action may be reviewed by a court. (Matter of Trustees of Calvary Presbyt. Church v. State Liq. Auth., 249 App. Div. 288, affd. 275 N. Y. 552.) The present case falls within none of the categories. Such limitation of the right of review by the courts has been held constitutional. (Matter of Roden v. New York State Liq. Auth., 258 App. Div. 1076.) Since the statutory grounds for court review are missing, the question of whether the board’s determination was arbitrary and capricious on the facts, and the matter of an adequate record from the Authority to permit the court to pass on such question, are irrelevant. Even allowing the assertion of law alleged by defendants to the effect that the Authority was required to make an affirmative determination that public convenience and advantage would be promoted by the issuance at that location (see Matter of Barry v. O’Connell, 303 N. Y. 46), no grounds for review under the statute are presented in this defense, and no jurisdictional challenge is made.
When the applicant cannot ask judicial review, an allegedly interested third party should have no greater rights. The determination of the Alcoholic Beverage Control Board in granting the license must be deemed valid in a subsequent collateral attack on its legality. (Matter of Golden v. Joseph, 307 N. Y. 62.) The first affirmative defense is insufficient at law and must be stricken out.
Defendants’ second affirmative defense is on the theory that since the town had an ordinance which would be violated by a licensee operating in that location, and since the neighboring residents would be damaged by the licensee’s operation and the Authority knew these facts, then the provisions of the Alcoholic Beverage Control Law, which allowed the Authority to entertain the application and grant the license, solely on its own judgment, without giving notice or opportunity to be heard to such injured parties, are unconstitutional, and that the limitation on the courts’ rights to review is also unconstitutional. (N. Y. Const., art. I, §§ 1, 6, 11; art. III, § 1; art. VI, § 1; U. S. Const., 14th amdt., § 1.)
These issues, however, have been raised and passed upon adversely to the defendants’ contentions (People ex rel. Reuther v. Sisson, 101 Misc. 429; Matter of Hoover, 30 F. 51; Matter of Barry v. O’Connell, supra; Matter of Roden v. New York State *1009 Liq. Auth., supra) excepting only the situation where the town ordinance is in conflict with the State law. If the town ordinance is invalid, its mere existence gives the town no constitutional right to be heard before the Authority on a license application, the granting of which would conflict with the ordinance. Since the ordinance is invalid, as hereafter discussed, the second defense is insufficient.
The third defense contains the history of the town ordinance and the facts which purport to show that a local ordinance more restrictive than the State requirements was necessary for the health, safety and welfare of the residents in this particular situation. This is an instance where the State has occupied the field of regulation to the necessary exclusion of local refinements or contradictory regulations outside the statute. Under the declared State policy (Alcoholic Beverage Control Law, § 2) localities have no right to legislate additional requirements which are contrary to a definite standard adopted by the State for location of taverns. (Matter of Kress & Co. v. Department of Health, 283 N. Y. 55; Jewish Consumptives’ Relief Soc. v. Town of Woodbury, 230 App. Div. 228, affd. 256 N. Y. 619; People v. Wile, 208 Misc. 548.) The third defense is insufficient.
Accordingly, the motions of plaintiff and the cross motion of the Authority to strike the “First”, “Second”, and “Third” defenses raised by the original defendants are granted, without costs.
Let an order enter accordingly.