In the Matter of the SHOW BOAT OF NEW LEBANON, INC., Doing Business as THE SHOW BOAT, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— *Per Curiam.* Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court, entered in Rensselaer County) to review and annul a determination of the respondent State Liquor Authority which canceled petitioner's retail liquor license. The respondent found that petitioner "had knowledge or had the opportunity through the exercise of reasonable diligence to acquire knowledge" about trafficking in narcotics and drugs occurring on the licensed premises and thus "suffered or permitted the premises to become disorderly" within the meaning of subdivision 6 of section 106 of the Alcoholic Beverage Control Law and thereupon canceled petitioner's license. Petitioner urges that there is not sufficient evidence to support the finding that the licensed premises had become disorderly and that in view of the evidence the penalty is excessive and an abuse of discretion. Whether a given licensed premises has become disorderly is a factual issue and thus if the respondent's determination is supported by substantial evidence, it must be upheld. Unquestionably a single isolated act of disorder with no proof tending to show notice of the

disorder on the part of the licensee is not sufficient to serve as a basis to find a violation of subdivision 6 of section 106 (*Matter of Kerma Rest. Corp.* v. *State Liq. Auth.*, 21 N Y 2d 111). However, the disorder involved need not have been known to the licensee to constitute a violation; it is sufficient if the licensee reasonably should have known of it (*Matter of Becker* v. *New York State Liq. Auth.*, 21 N Y 2d 289; *Matter of Migliaccio* v. *O'Connell*, 307 N. Y. 566). Here the testimony clearly shows that on at least two occasions, the first significantly on very short acquaintance, State police officers obtained narcotics from two of the petitioner's employees. From the evidence present in the instant record the board could properly conclude that these employees were freely trafficking in the sale and disposing of narcotics and drugs on the licensed premises; that the petitioner should have known of these illegal activities and prevented their continuance and that in failing to do so the petitioner suffered and permitted the premises to become disorderly. However, under the circumstances the punishment imposed was excessive and unduly disproportionate to the offense. In the exercise of the power vested in this court (see *Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37; *Matter of 103 Rest.* v. *New York State Liq. Auth.*, 32 A D 2d 542) we conclude that a suspension for three months is more appropriate and reduce the penalty accordingly. Determination modified, on the law, by annulling the revocation and substituting therefor a provision that the license be suspended for a period of three months, and, as so modified, confirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum *Per Curiam*.