■ TAD'S FRANCHISES, INC., Appellant, v. INCORPORATED VILLAGE OF PELHAM MANOR et al., Respondents, and JULIUS J. DWORSCHAK, Defendant.— In an action for a declaratory judgment and related relief, plaintiff appeals from an order of the Supreme Court, Westchester County, dated June 27, 1972, which denied plaintiff's motion for summary judgment, granted the respondents' cross motion for summary judgment and dismissed the amended complaint. Order reversed, on the law, with $20 costs and disbursements, respondents' motion denied, plaintiff's motion granted to the extent that judgment is directed to be entered declaring that (1) plaintiff may use its restaurant premises, located in a district zoned " Retail Districts", for the sale of alcoholic beverages for on-premises consumption in accordance with the terms and provisions of the Alcoholic Beverage Control Law and the provisions of the restaurant liquor license issued to it by the State Liquor Authority and (2) respondents and their building inspector shall not refuse to issue a certificate of occupancy for plaintiff's premises on the ground that the sale therein of alcoholic beverages for on-premises consumption is prohibited by the village zoning ordinance. In our opinion, paragraph (a) of subdivision 1 of section 45 of the defendant village's Zoning Ordinance is invalid and ineffective insofar as it allows the use of property, in " Retail Districts", for a restaurant or other establishment serving food and drink for on-premises consumption but, at the same time, prohibits such restaurant or other establishment from selling alcoholic beverages for

on-premises consumption. Once the village permits a restaurant or other public eating place to be conducted in retail districts as a conforming use, it cannot turn around and regulate such incidental or extended activities as the sale of alcoholic beverages for on-premises consumption, which activities are solely within the exclusive jurisdiction of the State Liquor Authority. While the latter's power to determine the locations where liquor may be sold might, in a proper case, be circumscribed by outright exclusion of the class of establishments eligible to seek liquor licenses, once these establishments are permitted to operate, the Authority's power cannot be limited (cf. *Town of Onondaga* v. *Hubbell*, 19 Misc 2d 999, affd. 9 A D 2d 1024, revd. on other grounds 8 N Y 2d 1039). Therefore, plaintiff is entitled to use its restaurant premises for the sale of alcoholic beverages for on-premises consumption, in accordance with the license previously issued to it by the State Liquor Authority; and, if all other requirements are met, the village building inspector must issue plaintiff a certificate of occupancy. Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.