## (July 25, 1974)

■ In the Matter of BEAL PROPERTIES, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Sullivan County) to review a determination of the State Liquor Authority which suspended petitioner's on-premise liquor license for 30 days and directed forfeiture of its bond in the sum of $1,000. Respondent found that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law " in that it suffered or permitted the licensed premises to become disorderly on July 27, 1972, September 1, 1972, October 5, 1972 and October 13, 1972 in that it suffered or permitted lewd and indecent performances thereon." It is conceded by petitioner that, on the dates mentioned, female entertainers disrobed completely and danced in the nude on stages in the restaurant and bar operated by petitioner, and the performances consisted of go-go dancing, belly dancing, African and Haitian dancing. One of the patrons testified that on July 27, 1972, she witnessed the performance and observed a female entertainer dancing

completely nude and that "she was laying on the stage" and "was wiggling her hips and gyrating and she had her knees up" and that she took off her bra and G-string and handed them to a man at the bar. The hearing officer found "such entertainment indecent" and sustained the charge. Petitioner's main contention is that the conduct complained of was not illegal under section 245.01 of the Penal Law, and thus cannot be considered as disorderly conduct. Respondent is not required to construe conduct on licensed premises with the strictness that is required under the Penal Law. (*Matter of Lynch's Bldrs. Rest.* v. *O'Connell*, 303 N. Y. 408.) It is respondent's responsibility to determine whether the Alcoholic Beverage Control Law was violated, and what conduct on the licensed premises is deemed to be disorderly. (*Matter of Cambridge Pub.* v. *State Liq. Auth.*, 27 N Y 2d 625; *Matter of Becker* v. *New York State Liq. Auth.*, 21 N Y 2d 289; *Matter of Katz's Delicatessen* v. *O'Connell*, 302 N. Y. 286; *Matter of J. D. H. Rest.* v. *New York State Liq. Auth.*, 28 A D 2d 521, affd. 21 N Y 2d 846.) The question of whether a given licensed premises has been disorderly is factual, and thus if respondent's determination is supported by substantial evidence, it must be affirmed. (*Matter of Mead-Malone, Inc.* v. *New York State Liq. Auth.*, 40 A D 2d 632.) In our opinion, the record contains substantial evidence to support respondent's determination. We have considered the other issues raised, and find them to be without merit. Determination confirmed, without costs, and petition dismissed. Staley, Jr., J. P., Sweeney, Kane and Main, JJ., concur; Cooke, J., concurs in part and dissents in part in the following memorandum. Cooke, J. (concurring in part and dissenting in part). I concur in that part of the majority's decision which confirms the determination that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law by suffering or permitting the licensed premises to become disorderly on July 27, 1972 because of a lewd and indecent performance on that day. Since the question of whether given licensed premises have become disorderly is factual, since questions of credibility were for respondent and since its determination as to lewdness is supported by substantial evidence found in the testimony of two patrons present on that occasion, such portion of the determination made by the administrative agency must be upheld (*Matter of Show Boat of New Lebanon* v. *State Liq. Auth.*, 33 A D 2d 954, affd. 27 N Y 2d 676). However, with regard to the performances of September 1, October 5 and October 13, 1972, the evidence in the record indicates only that nude dancing was permitted, there being no proof of lewdness or obscenity. In order to sustain the charge in respect to the performances on these three dates, the court would have to hold that nude dancing per se is lewd and indecent, a position which is in conflict with settled law. Therefore, I respectfully dissent, on the law, in regard to the determination as it relates to said three dates. At the outset, it should be noted that the question of the power of the State Liquor Authority to prohibit conduct on licensed premises which does not meet the current tests of obscenity is not involved here. In *California* v. *La Rue* (409 U. S. 109) the Supreme Court indicated that First Amendment rights within licensed premises may be curtailed to the extent necessitated by other compelling governmental interests in preserving the order and morals of society.[1] But, in acting to preserve the orderliness of licensed premises, the State Liquor Authority must comply with time-honored concepts of procedural due process of which notice of the proscribed conduct is the first essential. If

1. However, in *Salem Inn* v. *Frank* (501 F. 2d 18) the Second Circuit Court of Appeals intimated that nonobscene nude dancing within licensed premises is protected expression under the First Amendment.

the type of conduct prohibited is limited to that which is obscene, there would be sufficient notice to the licensee as to what entertainment he may or may not permit on the premises since, under the decisions of the Supreme Court and our Court of Appeals, everyone is charged with knowledge of what is obscene (see, e.g., *Miller* v. *California,* 413 U. S. 15, 27–28, n. 10; *Jacobellis* v. *Ohio,* 378 U. S. 184, 197; *People* v. *Heller,* 33 N Y 2d 314, 323, 327). But, where the authority chooses to exercise its power to prohibit conduct which does not meet the test of obscenity (see *California* v. *La Rue, supra*), it has the responsibility to provide licensees with notice as to the type of conduct on the premises which will subject them to revocation of their licenses and to the concomitant loss of income and, perhaps, of their livelihood. It would be intolerable under our system of jurisprudence to require the licensee to guess at its peril at the type of nonobscene entertainment it could provide (compare *California* v. *La Rue, supra,* p. 110). Therein lies the problem with the instant proceeding. With respect to the three performances at issue, there is no proof of lewdness. No State statute, local ordinance or regulation of the respondent authority specifically prohibits nude dancing as entertainment (see, e.g., Penal Law, §§ 245.01, 245.02).[2] Indeed, the first subdivisions of sections 245.01 and 245.02 of the Penal Law are specifically rendered inapplicable to " any female entertaining or performing in a play, exhibition, show or entertainment " and, although the village and town were empowered to adopt a local law banning such entertainment, no such law was enacted. Thus, petitioner could well have concluded that its policy of providing nude dancing as entertainment was legal and it certainly had no notice that it was placing its liquor license in jeopardy thereby. In view of the lack of notice to the licensee, it would be grossly unjust to permit suspension of the license for conduct which was not illegal. In addition to the procedural shortcomings of the respondent's actions, its position that nude dancing is per se lewd and indecent is legally untenable. Public nudity alone has never been held to be illegal (*Miller* v. *People,* 5 Barb. 203; cf. *People ex rel. Lee* v. *Bixby,* 4 Hun 636, opn. in 67 Barb. 221; *People* v. *Gilbert,* 72 Misc 2d 75). As the Court of Appeals said in *Matter of Excelsior Pictures Corp.* v. *Regents of Univ. of State of N. Y.* (3 N Y 2d 237, 242), " nudity in itself and without lewdness or dirtiness is not obscenity in law or in common sense." In *Salem Inn* v. *Frank (supra)* the Second Circuit Court of Appeals observed: " Dancing is a form of expression protected by the first amendment. Even nude dancing in a bar can be within the constitutional protection of free expression." In executing respondent's responsibilities to regulate licensed premises, it should be kept in mind that " laws are made by the law-making power and not by administrative officers acting solely on their own ideas of sound public policy, however excellent such ideas may be " (*Matter of Picone* v. *Commissioner of Licenses of City of N. Y.,* 241 N. Y. 157, 162). The State Liquor Authority has the power to adopt rules in this area (see, e.g., 9 NYCRR Part 48). *California* v. *La Rue (supra)* suggests that where licensed premises are involved, the line may be drawn short of obscenity. Nothing herein in any way circumscribes the power of the Authority to adopt rules and regulations to control those types of conduct which adversely affect the orderliness of licensed premises, consistent, of course, with the extent of First Amendment freedoms applicable to such premises (see, e.g., *Salem Inn* v. *Frank, supra*). I would modify the determination so as to annul respondent's finding that the

---

2. As a matter of fact, the officers of the New York State Police who viewed the performances on the three occasions in question concluded that there was no basis for filing any charges against any party as a result of the performances.

licensed premises were disorderly on September 1, 1972, October 5, 1972 and October 13, 1972 and to remit the matter for reconsideration of the appropriate penalty and, except as so modified, I would confirm.