■ In the Matter of CHIPMAN ASSOCIATES, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously annulled, with costs, petition granted and matter remitted to the State Liquor Authority for further proceedings consistent with the following memorandum: The statutory violation on which the authority based the license revocation states: " No person licensed to sell alcoholic beverages ° • ° shall suffer or permit such premises to become disorderly' ' (Alcoholic Beverage Control Law, § 106, subd. b). The authority correctly states that the substantial evidence rule requires only that the determination of the authority be supported by " such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*Edison Co.* v. *Labor Bd.*, 305 U. S. 197, 229; *Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works*, 304 N. Y. 65, 71; *Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256, 274). Furthermore, proof that the licensees " suffer or permit " premises to become disorderly need not show actual knowledge of the conduct charged to the licensee; it is sufficient if the licensee should have known of the alleged disorder (*Matter of Mead-Malone, Inc.* v. *New York State Liq. Auth.*, 40 A D 2d 632). The evidence of homosexual fondling forming the basis for the violation charged against petitioner does not approach the group groping on a public dancefloor which was found sufficient in *Matter of Becker* v. *New York State Liq. Auth.* (21 N Y 2d 289). There is no evidence that the gay dancing here was indecent or involved fondling. The indecent proposition to, and fondling of, the police officer on June 3 was, according to the police officer's own testimony, an isolated act of one patron, neither overheard nor observed by the bartender. Likewise, the homosexual touching observed in the men's room on June 14 was an isolated, concealed act unperceived by petitioner's employees. Because there is absolutely no evidence attributing to the licensee knowledge of these occurrences they " must be eliminated from consideration as offering any support for the finding of disorder in the premises " (*Matter of Kerma Rest. Corp.* v. *State Liq. Auth.*,

21 N Y 2d 111, 114). In the *Kerma* case the Court of Appeals also held that a police officer's observation of 40 men dressed strangely and talking effeminately, of three instances of men sitting on another male's lap, and 3 instances of males kissing was insufficient proof of disorder (*id.*, p. 115). The only remaining evidence of overt homosexual fondling was the isolated incident between the day cook and a patron near the bar on June 14. It also appears that petitioner's bartender observed this conduct and smilingly approved of it. It has been uniformly held, however, that a "showing of more than a single event or the showing of a demonstrated attitude toward that happening which indicated acquiescence", is required to establish "suffering disorder" (*Matter of Stanwood United* v. *O'Connell*, 283 App. Div. 79, 82, affd. 306 N. Y. 749). (See, also, *Matter of Migliaccio* v. *O'Connell*, 307 N. Y. 566; *Matter of Smith* v. *State Liq. Auth.*, 43 A D 2d 756; *Matter of Ray's Tenderloin* v. *New York State Liq. Auth.*, 20 A D 2d 695.) Considering the entire record, especially the commissioner's own findings as to petitioner's "bouncers" and security system to detect and discourage overt sexual fondling, this one incident of smiling approval by petitioner's bartender is insufficient to establish a demonstrated attitude of "acquiescence" by petitioner. To the contrary, on June 3 the police officer was threatened with eviction by the bartender if he committed a homosexual act on the premises. Petitioner's president and a principal bouncer testified to petitioner's policy and practice of ejecting patrons for overt sexual fondling. Their testimony concerning the presence of bouncers and checking identification was corroborated by the police officer. Finally, the conduct of petitioner's bartender on June 14 is distinguishable from cases involving direct participation in disorderly conduct by the licensee's employees (*Matter of Club 95* v. *New York State Liq. Auth.*, 23 N Y 2d 784, 785 [bartender contributed to and ignored fight between patrons]; *Matter of Show Boat of New Lebanon* v. *State Liq. Auth.*, 33 A D 2d 954, affd. 27 N Y 2d 676 [employees sold narcotic drugs to police officers twice]; *Matter of Sheraton-Binghamton Corp.* v. *State Liq. Auth.*, 40 A D 2d 1048 [managing bartender participated in gambling]; cf. *Matter of Playboy Club of N. Y.* v. *State Liq. Auth.*, 23 N Y 2d 544, 550 [no showing that manager sanctioned employees' conduct]). The determination by the authority that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law is not supported by substantial evidence. (Review of determination revoking license transferred by order of Erie Special Term.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.