■ In the Matter of PHILLIP RUBINOFF, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Sullivan County) to review a determination of the State Liquor Authority which canceled petitioner's on-premises liquor license and directed forfeiture of his bond in the sum of $1,000. Petitioner seeks review of a determination of respondent which adopted the findings of the hearing officer that he violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that he suffered or permitted the licensed premises to become disorderly on July 13, 1974 and July 14, 1974, by allowing lewd or indecent performances thereon. Respondent additionally determined "that the performance was lewd and indecent, *per se*". The hearing officer specifically accepted the testimony of Vincent Mailloux, an investigator for respondent, who visited petitioner's premises on both July 13, 1974 and July 14, 1974. The investigator testified that he observed several female entertainers dancing completely nude and, in addition, variously embellishing their performances with such conduct as lying in a prone position with legs spread, thus displaying the vaginal area, touching the breasts and vaginal area with the hands, and performing motions while in a prone position which could be construed as simulating the act of sexual intercourse. He testified that the performances, by three separate women, were substantially the same on both nights. The testimony of petitioner that no private parts were visible during the performances and that the women did not touch their bodies as stated by the investigator was specifically rejected by the hearing officer. "Since the question of whether given licensed premises have become disorderly is factual, since questions of credibility were for respondent and since its determination as to lewdness is supported by substantial evidence found in the testimony of [an investigator] present on that occasion * * * the determination made by the administrative agency must be upheld *(Matter of Show Boat of New Lebanon v. State Liq. Auth.,* 33 A D 2d 954, affd. 27 N Y 2d 676)" *(Matter of Beal Props. v State Liq. Auth.,* 45 AD2d 906, 907 [Cooke, J., dissenting in part], revd 37 NY2d 861). Unlike the situation in *Beal Props. (supra),* the testimony in this case established lewdness or obscenity, rather than merely nude dancing, on both occasions on which petitioner was charged with violating subdivision 6 of section 106 of the Alcoholic Beverage Control Law. Also in contrast to *Beal Props. (supra),* the respondent agency made a specific determination, based upon the findings of the hearing officer, that the conduct complained of was "lewd and indecent, *per se*". On this record we find no reason to disturb the finding of respondent that petitioner violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law. The remaining question is whether the penalty, a cancellation of petitioner's license and a $1,000 bond claim is too severe. Our courts will generally not disturb an administrative sanction unless it is so disproportionate to the offense as to be shocking to one's sense of fairness. The Court of Appeals has indicated that the latter standard is met "if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). There can

be no doubt that the cancellation of his license would be "grave in its impact" upon petitioner. Petitioner's actions as described hereinabove, consisted of permitting nude dancing in a bar, which may very well be constitutionally permissible (see dissenting in part opn of Cooke, J., in *Beal Props. [supra]*), plus allowing certain additional conduct in the course of the dancing, described herein, found to be lewd and indecent by respondent and this court. Presumably, petitioner's establishment, at the times of the offenses, was patronized by adults who were there of their own volition. We note that respondent's determination was by a three to two vote, with the minority members voting "to impose a 30 days suspension, 10 days forthwith and 20 days deferred plus $1,000 bond claim". Under these circumstances, we cannot conclude that petitioner's conduct was so heinous or dangerous to the public as to justify cancellation of his license (see *Matter of Streber v State of New York Liq. Auth.*, 47 AD2d 808). Determination modified, by reducing the penalty to suspension of petitioner's license for a period of three months and forfeiture of petitioner's bond in the sum of $1,000; matter remitted to respondents with a direction to reinstate petitioner's license and, as so modified, confirmed, without costs. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.