■ In the Matter of INSIDE STRAIGHT, INC., Appellant, v STATE LIQUOR AUTHORITY, Respondent.—Determination unanimously confirmed, without costs. Memorandum: Petitioner seeks review of a determination of respondent State Liquor Authority which adopted the findings of the hearing officer that it violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law, in that it suffered or permitted its licensed premises to become disorderly on December 5, 1974 by allowing a dance performance to occur which was lewd or indecent per se and by permitting an altercation to take place thereon. The matter was properly transferred to this court pursuant to CPLR 7804 (subd [g]) for resolution of the question of whether there was substantial evidence to support respondent's determination. The substantial evidence rule requires only that the determination of the authority be supported by " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *(Matter of Chipman Assoc. v New York State Liq. Auth.,* 47 AD2d 585, quoting *Edison Co. v Labor Bd.,* 305 US 197, 229; see *Matter of Kopec v Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 NY 65, 71). The testimony of respondent's investigator revealed that one of the dancers who performed on petitioner's premises removed her bikini top and long saronglike skirt revealing herself to be

completely naked. She embellished her performance by moving about the perimeter of the stage, running the skirt between her legs and squatting down and spreading her legs so as to reveal her pubic area and vulva to the patrons, and she also exposed this area by lying down on the stage and spreading one of her legs. Unlike the situation in *Matter of Beal Prop. v State Liq. Auth.* (45 AD2d 906, revd 37 NY2d 861), the activity here was found to be lewd or indecent "per se" by the authority, and the activity engaged in was more than merely nude dancing. During the performance described above an altercation took place on petitioner's premises in which one of the patrons broke a bottle and while holding the neck of the bottle in his hand argued with another patron. Additionally, one of the patrons threw a glass of beer which smashed against a wall and a fight broke out between two others during which one of them took a chair and broke its back while attempting to strike the other. Inasmuch as questions of credibility were for respondent and its determination with respect to not only the lewdness or indecency of the dance performance but also the altercation which occurred on petitioner's premises is supported by substantial evidence, the determination of the administrative agency must be upheld *(Matter of Rubinoff v State Liq. Auth.,* 53 AD2d 943; see, also, *Matter of Show Boat of New Lebanon v State Liq. Auth.,* 33 AD2d 954, affd 27 NY2d 676). The remaining question is whether the penalty, a 30-day suspension of petitioner's license (15 days forthwith and 15 days deferred) and $1,000 bond claim with respect to the lewd or indecent performance and letter of warning with respect to the altercation is too severe. We will not disturb an administrative sanction unless it is so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 255; see, also, *Matter of Shore Haven Lounge v New York State Liq. Auth.,* 37 NY2d 187, 190). We feel the penalty was appropriate. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.