*714 OPINION OF THE COURT
Memorandum.
Order reversed and determination of State Liquor Authority reinstated, with costs.
The hearing officer specifically found that on two occasions during the course of nude dancing by performers at the licensee’s premises the licensee suffered or permitted disorderly conduct by reason of the dancer’s engagement in lewd and indecent acts. In adopting the hearing officer’s findings, the authority found that the performances were lewd and indecent per se and therefore in violation of section 106 of the Alcoholic Beverages Control Law (compare Matter of Beale Props, v State Liq. Auth., 37 NY2d 861, with Matter of Inside Straight v State Liq. Auth., 56 AD2d 720, mot for lv to app den 41 NY2d 806; Matter of Rubinoff v State Liq. Auth., 53 AD2d 943, mot for lv to app den 40 NY2d 802).
An examination of the record discloses that there was substantial evidence to support the authority’s findings. The temporal duration of the lewd and indecent acts and the lack of direct contact between performers and patrons were but circumstances for consideration by the fact finders in making their determination (cf. Matter of Streber v State of New York Liq. Auth., 47 AD2d 808, 809).
It is not necessary to reach appellant’s constitutional arguments because the basis for the authority’s determination and this court’s reinstatement of the determination is the substantial evidence of lewd conduct suffered, conduct unprotected by constitutional limitations.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.