In the Matter of TJPC RESTAURANT CORPORATION, Doing Business as THE ENCORE II, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.

Fourth Department, March 1, 1978

**APPEARANCES OF COUNSEL**

*Ronald S. Carlisi* for petitioner.

*Warren B. Pesetsky (Thomas E. Butler* of counsel), for respondent.

**OPINION OF THE COURT**

SIMONS, J.

■ Petitioner challenges a determination of respondent which found that petitioner had permitted licensed premises to become disorderly because female entertainers were allowed to dance in the nude (see Alcoholic Beverage Control Law, § 106, subd 6). In *Matter of Beal Props. v State Liq. Auth.* (37 NY2d 861, revg 45 AD2d 906), the Court of Appeals held that in the absence of a regulation by the agency giving notice that conduct not lewd or indecent per se was proscribed, the agency could not impose sanctions for such conduct on licensees. The challenged conduct on petitioner's premises was not found by the respondent to be lewd or indecent per se (indeed on this record it could not be). It occurred on January 3, 1975, prior to the adoption of 9 NYCRR 53.1 (r), (s) or subdivision 6-a of section 106 of the Alcoholic Beverage Control Law which now specify various types of prohibited performances. Accordingly, the determination of the authority must be annulled.

■ The dissent asserts that respondent's determination may

be sustained because petitioner violated subdivision B of section 44-8 of the Municipal Code of the City of Rochester which prohibits nudity in a "public place". That ordinance is patently unconstitutional for overbreadth and may not be relied upon as giving notice of prohibited conduct (see *Salem Inn v Frank,* 501 F2d 18, 20-21, affd on this issue *sub nom. Doran v Salem Inn,* 422 US 922, 933-934; *Lucifer's Gate v Town of Van Buren,* 83 Misc 2d 790).

Several other points in the dissent should also be considered.

First, it is stated that *Matter of Beal Props. v State Liq. Auth. (supra)* is not authority for our decision because in *Beal* there was not a specific finding that the licensee violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law. On the contrary, the authority made precisely that finding in *Beal (supra,* 45 AD2d at p 906).

Second, it is said that unlike *Beal,* the licensee in this case had notice of the proscribed conduct. The ordinance, inasmuch as it is unconstitutional, may not be relied upon to provide notice, whether or not it was challenged. If the equities are to be considered, the petitioner claims reliance upon public statements by various public officials that in their opinion performances similar to those in petitioner's premises did not violate the ordinance. While these statements do not provide any defense to violation of a valid law, they reasonably permit petitioner to argue that he did not have notice of the prohibited conduct in law or in fact.

Third, it is not clear what significance we are asked to attribute to the arrest of petitioner's dancers for violating the ordinance, but the facts are that they were arrested and given an adjournment in contemplation of dismissal in exchange for their promise not to test the constitutionality of the ordinance.

Fourth, in the absence of a finding that the performances were lewd or indecent per se, the credibility of the witnesses or the subject of substantial evidence have no relevance on this appeal.

Finally, to answer the statement posed at the outset of the dissent, the City of Rochester may not regulate the performance in the licensee's premises, for the State has preempted the field and given the State Liquor Authority exclusive jurisdiction to regulate such premises (Alcoholic Beverage Control Law, § 2; *Tad's Franchises v Incorporated Vil. of*

*Pelham Manor,* 42 AD2d 616, affd 35 NY2d 672; *Matter of Town of Fenton v Tedino,* 78 Misc 2d 319; *Grundman v Town of Brighton,* 5 Misc 2d 1006, 1009). If there was any doubt on the point, the State now has specifically enacted legislation regulating entertainment on licensed premises (see Alcoholic Beverage Control Law, § 106, subd 6-a).

The determination should be annulled.

CARDAMONE, J. P. (dissenting). In my view, the citizens of Rochester certainly have a right to forbid indecent nudity and the lewd exposure of a person's private parts on the street or in a public place where others are present. To accomplish this a local public ordinance was passed by the Common Council of Rochester. Citizens, of course, may properly and legitimately act through their elected Common Council representatives in an endeavor to protect the quality of life in the community where they reside and which they must perforce share. Our highest court has stated that the States have broad latitude under the Twenty-First Amendment to the United States Constitution to control the manner under which liquor may be dispensed. And, the court went on to hold that a State may provide that naked entertainment should not take place simultaneously with the licensed sale of liquor for on-premises consumption *(California v La Rue,* 409 US 109). That is precisely the case before us.

There is ample evidence in the record to support the determination of the State Liquor Authority. The hearing officer found, after determining the credibility of the witnesses, that a nude dancer in petitioner's premises touched the area of her private parts, laid on the floor on a rug and performed dance maneuvers while lying there. Three other dancers performed a "strip-tease" and, thereafter, danced in the nude. These "performers" were on stage for an hour and ten minutes before 45 patrons and an officer of the licensee corporation. The hearing officer further found that the dancers were arrested for violation of subdivision B of section 44-8 of the Municipal Code of the City of Rochester which prohibits a person from appearing "in a state of nudity * * * or willfully and lewdly expos[ing] the person or private parts thereof in a * * * public place where others are present". Based on these facts, the hearing officer concluded that the licensed premises were permitted to become disorderly in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law.

The full board of the State Liquor Authority adopted these findings.

The question of whether the licensed premises have become disorderly is a factual one. Inasmuch as the credibility of the witnesses was for the administrative agency to determine, and since its determination with respect to the premises becoming disorderly is supported by substantial evidence, it must be upheld (*Matter of Salem Inn v New York State Liq. Auth.,* 43 NY2d 713; *Matter of Inside Straight v State Liq. Auth.,* 56 AD2d 720, mot for lv to app den 41 NY2d 806; *Matter of Rubinoff v State Liq. Auth.,* 53 AD2d 943, mot for lv to app den 40 NY2d 802; *Matter of Show Boat of New Lebanon v State Liq. Auth.,* 33 AD2d 954, affd 27 NY2d 676).

The majority rely on *Matter of Beal Props. v State Liq. Auth.* (37 NY2d 861). However, unlike the situation in *Beal,* petitioner in this case had notice that the conduct which it permitted on its premises was proscribed by a city ordinance of Rochester which made such performance unlawful. The enactment of the city ordinance is not an infringement of the exclusive authority of the State Liquor Authority to regulate licensed premises as the majority contend. Rather, the authority pursuant to subdivision 6 of section 106 of the Alcoholic Beverage Control Law must assure that no licensee shall permit its premises to become disorderly. The city ordinance, *inter alia,* serves to protect the licensee petitioner's due process rights by providing it with prior notice as to what may constitute unlawful conduct. The fact that similar ordinances when challenged have been held after the fact to be overbroad does not invalidate the notice of unlawful conduct imposed by this ordinance. Significantly here, petitioner chose not to challenge the ordinance in the proceeding presently before us; and it was held constitutional in a case arising out of an arrest made the same evening as the arrests made upon these licensed premises (*People v Karns,* 81 Misc 2d 186). Further, unlike *Beal,* here there was a specific finding by the hearing officer which was adopted by respondent State Liquor Authority that such conduct violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law.

It is well settled that unlawful conduct committed on licensed premises is sufficient to constitute substantial evidence of violation of section 106 (Alcoholic Beverage Control Law, § 106, subd 6; *Matter of Show Boat of New Lebanon v State Liq. Auth., supra; Matter of Nero's Pad v New York State Liq.*

*Auth.,* 54 AD2d 716; *Matter of Cuti v Roth,* 50 AD2d 1044; *Matter of See v State Liq. Auth.,* 47 AD2d 672). Since petitioner may not successfully claim that it was denied due process of law because it had notice by virtue of the city ordinance that the conduct that it suffered or permitted on its premises on January 3, 1975 was unlawful, I dissent and vote to confirm the determination of the State Liquor Authority.

DILLON, HANCOCK, JR., and DENMAN, JJ., concur with SIMONS, J.; CARDAMONE, J. P., dissents and votes to confirm the determination in an opinion.

Petition granted and determination annulled, with costs.