## THIRD DEPARTMENT, APRIL, 1978

### (April 6, 1978)

■ In the Matter of DAVID BELL, Petitioner, v STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Sullivan County) to review determinations of the State Liquor Authority which (1) suspended petitioner's liquor license for a period of 30 days and directed forfeiture of his bond in the sum of $1,000; (2) revoked petitioner's license, together with forfeiture of his bond in the sum of $1,000; and (3) directed nonrenewal of petitioner's license for a period of two years. In this proceeding, petitioner seeks review of two determinations made by respondent following statutory hearings. The first, rendered October 16, 1975, found petitioner in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law when he had permitted his licensed premises to become disorderly on July 13, 1974 and July 14, 1974 in that he permitted lewd and indecent performances thereon. The second, rendered January 8, 1976, found petitioner in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law by permitting his licensed premises to become disorderly on July 3, 1975 and July 4, 1975 in that (1) he permitted lewd and indecent performances thereon; (2) he permitted patrons and/or employees to bring upon the licensed premises narcotic and/or dangerous drugs; (3) he permitted solicitation for immoral purposes on the licensed premises; and (4) he permitted the licensed premises to be used for the purposes of promoting prostitution thereon. Respondent further found that "the conduct of the [petitioner] leading to his arrest on July 4, 1975 for violations of Section 120.25 of the Penal Law of the State of New York (Reckless Endangerment-First Degree); Section 110.00 of the Penal Law of the State of New York (Attempt to Commit a Crime—Murder First Degree); Section 195.05 of the Penal Law of the State of New York (Obstructing Governmental Administration) and Section 205.30 of the Penal Law of the State of New York (Resisting Arrest) was of such improper nature as to warrant revocation, cancellation or suspension of his license pursuant to Rule 36, Paragraph N of the Rules of the State Liquor Authority". The evidence adduced at the hearing revealed that the female entertainers danced completely naked while moving their hips and pelvic areas. They then laid down on the stage on their backs and spread their legs toward various patrons and placed their pelvic areas in close proximity to the faces of the patrons. The investigators testified that they were able to observe their vaginal areas surrounded by pubic hair. Unlike the situation in *Matter of Beal Props. v State Liq. Auth.* (45 AD2d 906, revd 37 NY2d 861), the activity here was found to be indecent or lewd "per se" by the authority and it is obvious that the activity engaged in was more than mere nude dancing. Under identical circumstances, the Fourth Department upheld the State Liquor Authority's determination that such conduct was a violation of section 106 of the Alcoholic Beverage Control Law *(Matter of Inside Straight v State Liq. Auth.,* 56 AD2d 720), and the Court of Appeals refused to grant leave to appeal (41 NY2d 806). In regard to the findings pertaining to the

narcotics charges, permitting the solicitation for purposes of prostitution upon the licensed premises and the conduct of the licensee leading to his arrest for reckless endangerment, attempting to commit murder, obstructing governmental administration and resisting arrest, these presented questions of credibility which were for the respondent to resolve. In connection with the criminal charges, we note that the petitioner was convicted on April 20, 1976 in Sullivan County of the crimes of reckless endangerment in the second degree, a class A misdemeanor, in violation of section 120.20 of the Penal Law of the State of New York, and of the charge of resisting arrest, a class A misdemeanor, in violation of section 205.30 of the Penal Law of the State of New York. These convictions were affirmed by this court *(People v Bell,* 60 AD2d 796). We conclude that respondent's determinations of lewdness and indecency of the dance performances, as well as the remainder of the charges, are supported by substantial evidence in the record and the determinations of the respondent must therefore be upheld. Petitioner argues that his rights are being violated in that the laws are being selectively enforced to his detriment. This hardly seems likely in view of the frequency with which these cases have reached the courts. But in any case, petitioner has presented no evidence of selective enforcement. We have examined the remainder of petitioner's contentions and find them to be without merit. Under all the circumstances, we feel the penalty was appropriate. Determinations, confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.