■ 92-07 RESTAURANT, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the State Liquor Authority, dated April 27, 1979, which, after a hearing, suspended petitioner's special on-premises liquor license for a period of 30 days, and ordered the forfeiture of its bond in the sum of $1,000. Proceeding, insofar as it challenges the constitutionality of 9 NYCRR 53.1 (r) (2), (s) is converted into an action for a declaratory judgment, it is declared that 9 NYCRR 53.1 (r) (2) is constitutional, and 9 NYCRR 53.1 (s) is unconstitutional and said subdivision is directed to be severed from said regulation. Determination modified, on the law, by (1) annulling the third numbered finding and (2) deleting the penalty imposed. As so modified, determination confirmed, without costs or disbursements, petition otherwise dismissed on the merits, and matter remitted to the State Liquor Authority for reconsideration of the penalty. The State Liquor Authority charged the petitioner with the following violations: "1. That the licensee violated Section 106, subd 6 of the Alcoholic Beverage Control Law in that it suffered or permitted the licensed premises to become disorderly on October 14, 1977 by suffering or permitting a lewd and indecent performance. 2. That the licensee suffered or permitted a female to appear on October 14, 1977 in such manner as to expose to view her pubic hair, anus, vulva or genitals; all cause for revocation, cancellation, or suspension of its license in accordance with Rule 36, subd 1 (r) of the Rules of the State Liquor Authority [9 NYCRR 53.1 (r)]. 3. That the licensee suffered or permitted females to appear on October 14, 1977 and to expose to view their bare breasts from a stage within six feet of the nearest patron; all cause for revocation, cancellation, or suspension of its license in accordance with Rule 36, subd 1 (s) of the Rules of the State Liquor Authority [9 NYCRR 53.1 (s)]." A hearing was held on the charges and, ultimately, the authority

adopted the findings of its hearing officer that each of the charges had been sustained and that the performance which formed the basis for the first specification had been lewd and indecent per se. Petitioner's license was suspended for 30 days and its $1,000 bond was forfeited. In this article 78 proceeding, the petitioner seeks to have that determination annulled, *inter alia*, on the ground that the evidence was insufficient to sustain the first specification and that the regulations underlying the second and third specifications are unconstitutional. On the question of the sufficiency of the evidence adduced in support of the first specification, we find that the charge was clearly sustained. The authority found that the petitioner suffered or permitted disorderly conduct at its premises by reason of the fact that a nude dancer engaged in acts which were lewd and indecent per se. Our review of the record establishes that the nude dancing in issue was embellished by clearly lewd and indecent acts (cf. *Matter of TJPC Rest. Corp. v State Liq. Auth.,* 61 AD2d 441, affd 48 NY2d 884; *Matter of Beal Props. v State Liq. Auth.,* 45 AD2d 906, 907 [partial dissenting mem of Cooke, J.], revd 37 NY2d 861). The question of disorderliness is factual (see *Matter of Peanutbutter Jam v New York State Liq. Auth.,* 58 AD2d 703; *Matter of Show Boat of New Lebanon v State Liq. Auth.,* 33 AD2d 954, affd 27 NY2d 676), and the hearing examiner resolved the pertinent credibility issues in favor of the authority's investigators. In our view, then, the record contains substantial evidence to support the authority's conclusion that the premises became disorderly by reason of a performance that was lewd and indecent, and that the conduct engaged in was lewd and indecent per se (see *Matter of Salem Inn v New York State Liq. Auth.,* 43 NY2d 713; *Matter of Bell v State Liq. Auth.,* 62 AD2d 1066, mot for lv to app den 44 NY2d 647, app dsmd 439 US 1060; *Matter of Inside Straight v State Liq. Auth.,* 56 AD2d 720, mot for lv to app den 41 NY2d 806; *Matter of Rubinoff v State Liq. Auth.,* 53 AD2d 943, mot for lv to app den 40 NY2d 802). Accordingly, the authority's determination as to the first specification should remain undisturbed. Petitioner's attack upon the second and third findings is based upon the contention that 9 NYCRR 53.1 (r) (2), (s) are facially invalid in that they are unconstitutionally overbroad. At the outset, we note that, insofar as the issue thus raised by the petitioner requires us to pass upon the constitutionality of the regulations themselves as opposed to the action taken under them, this article 78 proceeding must be converted to an action for a declaratory judgment (see, e.g., *Matter of Kovarsky v Housing & Dev. Admin. of City of N.Y.,* 31 NY2d 184; *Matter of Gold v Lomenzo,* 29 NY2d 468, 476, n 4; *Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449). The regulations in question provide as follows: "53.1 Causes for revocation. Any license or permit issued pursuant to the Alcoholic Beverage Control Law may be revoked, cancelled or suspended for the following causes: * * * (r) For suffering or permitting on licensed premises * * * (2) any person to appear unclothed or in such manner or attire as to expose to view any portion of the pubic hair, anus, vulva or genitals, or any simulation thereof. (s) For suffering or permitting any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof." The petitioner's challenge to the constitutionality of subdivision (s) is easily resolved since the Court of Appeals has recently declared unconstitutional so much of subdivision 6-a of section 106 of the Alcoholic Beverage Control Law as prohibited topless dancing in licensed premises *(Bellanca v New York State Liq. Auth.,* 50 NY2d 524). The subdivision struck down in *Bellanca* is the statutory counterpart of 9 NYCRR 53.1 (s) and the two provisions contain identical language. As a

consequence, we must now declare the regulation to be unconstitutional and annul the authority's determination as to the third specification, which was predicated upon a violation of subdivision (s). The remaining issue is whether the *Bellanca* holding requires that 9 NYCRR 53.1 (r) (2) be declared unconstitutional as well. We hold that it does not. In *Bellanca,* the Court of Appeals viewed the issue presented as a narrow one. As the court observed (p 529): "In the case now before us the plaintiffs do not claim a right to offer performances of explicit sexual acts, live or filmed, real or simulated. Nor are we concerned with nude dancing. There is no contention that the plaintiffs should have a right to present their dancers entirely unclothed, and thus they do not challenge that portion of the statute which prohibits nudity. Nor do they contest the statute insofar as it would prohibit women other than dancers from appearing bare-breasted on their premises. Similarly the plaintiffs do not contest the State's right to place some restrictions on topless dancing performances as the Liquor Authority's regulations have done in the past. Finally, of course, the plaintiffs do not claim that they are exempted from the obscenity laws or that topless dancing should always be allowed no matter how, or where performed. The only question before us is whether the statute is constitutional to the extent that it absolutely prohibits liquor licensees from presenting nonobscene topless dancing performances to willing customers under all circumstances." In striking down the prohibition, the court distinguished *California v La Rue* (409 US 109), noting that, unlike in that case, there was nothing in the *Bellanca* record (p 530) "to show that the State's conclusion, that this activity should not take place at licensed premises, was rationally based on evidence demonstrating a need for the rule." Plainly, the court's decision to search the record for evidence demonstrating such a need was prompted by the fact that, not long before, the provisions controlling topless performances in licensed premises were changed and made more restrictive. Prior to 1977, 9 NYCRR 53.1 (s) provided that the licensee should not suffer or permit "any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof," with the exception that the prohibition would not apply "to any female entertainer performing on a stage or platform which is at least 18 inches above the immediate floor level and which is removed by at least six feet from the nearest patron." Hence, the State, at one time, recognized the legitimacy of topless entertainment within a controlled setting on licensed premises (see, also, Penal Law, § 245.01). In 1977, however, the Legislature added a provision to the Alcoholic Beverage Control Law (L 1977, ch 321, § 1) which, although also containing a general prohibition against the licensee permitting any female to appear with breasts exposed to view, did not carry forward the exception permitting topless dancing. 9 NYCRR 53.1 (s) was amended accordingly.* It was this change, providing for an absolute prohibition of topless dancing, that led the *Bellanca* court to make the following observation (pp 530-531): "it appears that the law was not prompted by hearings or any legislative awareness of deficiencies in the prior regulation permitting topless dancing subject to restrictions and the continued supervision of the State Liquor Authority. The State urges however that we indulge an additional presumption and assume that the Legis-

---

* At bar, the third specification was framed in terms of the regulation as it read prior to its amendment although the violation allegedly occurred thereafter. Standing alone, however, this would not render the third finding defective (cf. *Matter of Mal Rest. v New York State Liq. Auth.*, 74 AD2d 750).

lature did investigate and find sufficient facts to support the legislation (see, e.g., *I.L.F.Y. Co. v Temporary State Housing Rent Comm.*, 10 NY2d 263, 269; *Defiance Milk Prods. Co. v Du Mond*, 309 NY 537). But even if the presumption could be held to be equivalent to the actual findings made in *La Rue* — a question we need not decide — it would be inappropriate in this case to presume that topless dancing posed a problem in premises licensed by the State Liquor Authority. It is, in fact, hard to imagine that the agency, which is so vigilant in enforcing the liquor laws and its own regulations would have continued to permit topless dancing at premises authorized to sell liquor if the audiences degenerated into 'bacchanalian revelries' or became involved in 'incidents of legitimate concern' to the State." In contrast, the prohibition contained in 9 NYCRR 53.1 (r) (2) against any person appearing on licensed premises "unclothed or in such a manner or attire as to expose to view any portion of the pubic hair, anus, vulva or genitals" is one of long standing. And, in the case of this provision, we deem it appropriate to indulge the presumption that facts sufficient to support the prohibition were found to exist. It is settled that, by virtue of the Twenty-First Amendment, a State may constitutionally prohibit from licensed premises performances "that partake more of gross sexuality than of communication" *(California v La Rue*, 409 US 109, 118, *supra)*. In our view, 9 NYCRR 53.1 (r) (2) represents nothing more than this State's continuing and legitimate effort to accomplish that goal. Accordingly the petitioner's constitutional challenge to the regulation must be rejected. Mollen, P.J., Hopkins and Cohalan, JJ., concur.

Lazer, J., concurs in part and dissents in part, with the following memorandum, in which Titone, J., concurs. My disagreement with my colleagues of the majority is narrow but substantial for I am unable to discern, as they have, the existence of a regulatory power which is sufficient to overcome the constitutional protection afforded nude dancing but insufficient to overcome the same protection afforded topless dancing. At issue are two regulations of the State Liquor Authority and a section of the Alcoholic Beverage Control Law. We all agree that there must be a confirmation of the authority's first numbered finding pertaining to the maintenance of disorderly premises. We also agree that the authority's determination that petitioner violated subdivision (s) of section 53.1 of its rules by permitting the exposure of female breasts at its premises must be nullified on constitutional considerations. We disagree, however, as to the constitutionality of paragraph (2) of subdivision (r) of the same section which forbids exposure of certain portions of the lower anatomy and thereby prohibits nude dancing. The constitutional issues relative to these regulations may be simply stated — where premises licensed to dispense alcoholic beverages are concerned, is the constitution violated by the elimination of all topless dancing through prohibition of exposure of the female breast "below the top of the areola" and elimination of all nude dancing through prohibition of exposure of the pubic, genital, vulva and anal areas. The regulations attacked as unconstitutionally overbroad are part of rule 53.1 and read as follows: "Any license or permit issued pursuant to the Alcoholic Beverage Control Law may be revoked, cancelled or suspended for the following causes: * * * (r) For suffering or permitting on licensed premises * * * (2) any person to appear unclothed or in such manner or attire as to expose to view any portion of the pubic hair, anus, vulva or genitals, or any simulation thereof. (s) For suffering or permitting any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola or any simulation thereof." Neither regulation mentions dancing. The invali-

dity of subdivision (s) forbidding exposure of the female breast is beyond contention because of the holding in *Bellanca v New York State Liq. Auth.* (50 NY2d 524), a topless dancing case involving the essentially identical wording of subdivision 6-a of section 106 of the Alcoholic Beverage Control Law, dealing with the same portion of the body. The issue as framed by the *Bellanca* majority (p 529) was "whether the statute is constitutional to the extent that it absolutely prohibits liquor licensees from presenting nonobscene topless dancing performances to willing customers under all circumstances." The Court of Appeals affirmed a judgment of the Erie County Supreme Court declaring subdivision 6-a of section 106 of the Alcoholic Beverage Control Law unconstitutional under the First and Fourteenth Amendments and section 8 of article I of the State Constitution. In thus effectively deleting from the Alcoholic Beverage Control Law the categorical restriction upon the stated exposure of the female breast, the *Bellanca* court balanced the First Amendment protection of dancing against the regulatory power of the State and found the latter wanting. Dancing is a form of expression protected by the First Amendment and "Even nude dancing in a bar can be within the constitutional protection of free expression" *(Salem Inn v Frank,* 501 F2d 18, 20, affd in relevant part *sub nom. Doran v Salem Inn,* 422 US 922; *Salem Inn v Frank,* 522 F2d 1045). The Supreme Court has declared that this type of entertainment, although involving "only the barest minimum of protected expression * * * might be entitled to First and Fourteenth Amendment protection under some circumstances" *(Doran v Salem Inn, supra,* p 932; see, also, *California v La Rue,* 409 US 109, 117-118). In deciding the contest between the limited constitutional protection of topless dancing and the State's regulatory power over licensed premises, it was necessary for the Court of Appeals to distinguish *California v La Rue (supra).* In *La Rue,* the Supreme Court analyzed California's authority to limit the type of entertainment offered at licensed premises and sustained the facial validity of various regulations restricting such entertainment. Noting that the regulations challenged sought to prohibit performances that partake (p 118) "more of gross sexuality than of communication" and the fact that the regulations were rationally connected to the State interest they were designed to foster because they were founded upon evidence adduced at legislative hearings, the Supreme Court concluded that they violated no Federal constitutional right. In thus tilting in favor of the right to prohibit grossly sexual performances, the La Rue court's primary reliance was upon the Twenty-First Amendment and the additional authority it vested in the States to regulate the sale of alcoholic beverages. Confronted with *La Rue's* broad statement concerning the Twenty-First Amendment's enhancement of State regulatory authority, the *Bellanca* court distinguished New York's situation from that in California where legislative hearings had preceded the adoption of the challenged regulations. In finding that New York lacked the power to do what California did because it failed to conduct legislative hearings which might have demonstrated a need for a prohibitory rule, the *Bellanca* court not only eschewed reliance on the presumption that the Legislature had knowledge of the facts when it acted (see, e.g., *Matter of Malpica-Orsini,* 36 NY2d 568, app dsmd 423 US 1042; *I.L.F.Y. Co. v Temporary State Housing Rent Comm.,* 10 NY2d 263; *Lincoln Bldg. Assoc. v Barr,* 1 NY2d 413; *East N.Y. Sav. Bank v Hahn,* 293 NY 622, affd 326 US 230), but it also discounted the Supreme Court's own interpretation of *La Rue* in *Doran v Salem Inn* (422 US 922, 932-933, *supra)* that " 'the broad powers of the State to regulate the sale of liquor, conferred by the Twenty-first Amendment, outweighed any First Amendment interest in nude dancing

and that a State could therefore ban such dancing as a part of its liquor license program' " *(Bellanca v New York State Liq. Auth.,* 50 NY2d 524, 530, n 6, *supra)*. The statute under attack in *Bellanca* and 9 NYCRR 53.1 (r) (2), (s) of the rules of the authority, which are at issue here, were not directed at lewdness or obscenity, but at exposure alone "which, the Court [Supreme] has reminded us, is not per se 'obscene even as to minors' " *(Salem Inn v Frank,* 522 F2d 1045, 1049, *supra,* quoting *Erznoznik v City of Jacksonville,* 422 US 205, 213; see, also, *Matter of TJPC Rest. Corp. v State Liq. Auth.,* 61 AD2d 441, affd 48 NY2d 884; *Matter of Beal Props. v State Liq. Auth.,* 45 AD2d 906, 907 [dissenting mem of Cooke, J.], revd 37 NY2d 861). The majority's assertion that paragraph (2) of subdivision (r) "represents nothing more than this State's continuing and legitimate effort" to banish from licensed premises performances partaking "more of gross sexuality than of communication" bespeaks a conclusion that all nude dancing is more grossly sexual than communicative, while all topless dancing is not. While my empirical perceptions scarcely qualify me to comment on this conclusion nothing in constitutional jurisprudence seems to support such a distinction. A statute is void on its face if it "does not aim specifically at evils within the allowable area of [government] control, but *** sweeps within its ambit other activities" protected by the First Amendment *(Thornhill v Alabama,* 310 US 88, 97; cf. *Broadrick v Oklahoma,* 413 US 601 [overbreadth where protected "speech" is conduct]). As the *Bellanca* court has said (p 531): "when the State employs [its Twenty-first Amendment] power in such a way as to infringe on activities entitled to some constitutional protection, it must at least demonstrate that there is a rational connection between the activity sought to be prohibited and the State's legitimate concern in controlling liquor consumption". If it is true that New York is bereft of power to prohibit minimally protected forms of expression in licensed premises because the Legislature's failure to hold hearings or make findings resulted in the lack of a rational connection between the prohibition and the State's concern, I am unable to comprehend how such an absence of regulatory power can be invoked to overcome the First Amendment protection of nude dancing. I cannot agree with the majority that the mere age of the nude dancing prohibition supplies the requisite rational connection. (Cf. *Walz v Tax Comm.,* 397 US 664, 678.) I conclude, therefore, that subdivision (r) (par [2]) of the rules is unconstitutionally overbroad. Accordingly, I dissent and vote to declare 9 NYCRR (r) (2) unconstitutionally overbroad and thus to further modify the authority's determination by annulling its second finding. I am in accord with the majority in annulling the third finding and in confirming the authority's first finding.