■ In the Matter of LA MAISON DE SADE, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [714 NYS2d 295] —Determination of respondent State Liquor Authority dated February 18, 2000, finding that petitioner suffered or permitted lewd or indecent conduct on its premises on February 5 and 11, 1999 in violation of Alcoholic Beverage Control Law § 106 (6) and 9 NYCRR 53.1 (r) (1), and canceling petitioner's on-premises liquor license with a $1,000 bond forfeiture, unanimously modified, on the facts, to vacate the finding of a violation on February 5, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Walter Tolub, J.], entered April 19, 2000), otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence of lewd or indecent conduct was provided by respondent's investigator's testimony that on February 11, 1999, an employee of petitioner removed her underpants and stuffed them in the investigator's mouth, without first asking his permission to do so. Such act could be reasonably found to be lewd or indecent per se, and therefore

disorderly conduct in violation of Alcoholic Beverage Control Law § 106 (6) (*see, Matter of Salem Inn v New York State Liq. Auth.*, 43 NY2d 713, 714, comparing *Matter of Beal Props. v State Liq. Auth.*, 37 NY2d 861, with *Matter of Inside Straight v State Liq. Auth.*, 56 AD2d 720, *lv denied* 41 NY2d 806). We perceive no lewd or indecent conduct on February 5, and vacate respondent's finding that there was. The penalty of license revocation does not shock our conscience in view of petitioner's prior violations for lewd and indecent conduct, failure to have required books and records on the premises (Alcoholic Beverage Control Law § 106 [12]) and use of an unauthorized trade name (9 NYCRR 53.1 [p]). Concur—Williams, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.