OPINION OF THE COURT
Wachtler, J.
The question on this appeal is whether a provision of the Alcoholic Beverage Control Law (§ 106, subd 6-a) is unconstitutional insofar as it prohibits topless dancing at premises licensed by the State Liquor Authority. The Supreme Court, Erie County, held this portion of the statute unconstitutional. The State has appealed directly to this court pursuant to CPLR 5601 (subd [b], par 2).
The plaintiffs are the owners of nightclubs, bars and restaurants which, for several years, have featured topless dancing. The plaintiffs also sell alcoholic beverages to their patrons for consumption on the premises, pursuant to licenses issued by the State Liquor Authority. That agency has adopted rules prohibiting nudity and "lewd or indecent conduct” on premises licensed to sell alcohol.[1] The rules also specifically prohibit the licensee from permitting "any female” to appear with breasts "expose[d] to view” but, as originally adopted, contained an exception for topless dancing which, although not prohibited, was subject to strict regulation.[2]
*527 In 1977 the Legislature added nearly identical provisions to the Alcoholic Beverage Control Law (L 1977, ch 321, § 1). However, this statute (Alcoholic Beverage Control Law, § 106, subd 6-a) did not carry forward the exception permitting topless dancing.[3] No criminal penalty is provided for violating this statute (see Alcoholic Beverage Control Law, § 130, subds 3, 5). But a violation of this law may result in a loss of the liquor license (9 NYCRR 53.1 [s]).
The plaintiffs commenced this declaratory judgment action claiming that subdivision 6-a is unconstitutional to the extent it prohibits all topless dancing at premises licensed by the State Liquor Authority. The plaintiffs stated that they had always complied with the Liquor Authority’s rules and restrictions with respect to topless dancing. In addition it was alleged that this activity is not observable from the public streets and the fact that it is featured is clearly noted on signs posted outside the plaintiffs’ premises. "Consequently”, the complaint states, "no person has been exposed to topless dancing performances at Plaintiffs’ premises except by choice.” In their first cause of action they argued that the topless dancing featured at their establishments "is not lewd or obscene within the meaning of the United States Constitution, and is a form of protected expression under the First Amendment.” In the remaining three causes of action the plaintiffs claimed that subdivision 6-a is also overbroad, violates the equal protection clause and infringes on their freedom of expression guaranteed by section 8 of article I of the State Constitution. They therefore asked the court to declare subdivision 6-a unconstitutional to the extent that it prohibits topless dancing in licensed premises and also sought an injunction barring the State from enforcing this law in the future.
In response the State contended that "notwithstanding the Constitutional provisions which guarantee freedom of expression” it may, pursuant to the Twenty-first Amendment of the United States Constitution, "regulate the type of entertain *528 ment in establishments licensed in this State to sell alcoholic beverages.”[4]
The trial court recognized the State’s broad power to control and regulate the sale of liquor in order to protect the public from its effects (California v La Rue, 409 US 109). It found, however, that topless dancing is "a type of expression protected by the First Amendment” and that the State had failed to "show some serious and compelling reason to limit it. Bland reliance on the Twenty-first Amendment is insufficient”. Thus the court declared subdivision 6-a unconstitutional as applied to topless dancing in licensed premises, and to that extent, enjoined its enforcement.[5]
On this appeal the State contends that this judgment is inconsistent with the United States Supreme Court’s holding in California v La Rue (supra).
In La Rue the court held facially valid certain administrative rules regulating the type of entertainment that might be presented in bars and nightclubs licensed by the State. The rules prohibited what the court described as acts of "gross sexuality” including display of the genitals and live or filmed performances of sexual acts. They noted that before the rules were promulgated, hearings were held and it was shown that at premises where these acts were performed, "numerous incidents of legitimate concern to the Department had occurred” (California v La Rue, supra, at p 111). These incidents included "bacchanalian revelries” involving public sexual acts between customers and entertainers, as well as assaults, rape and indecent exposure committed at or near such premises.
In upholding the regulations the court observed that the Twenty-first Amendment, granting the States power over the sale and distribution of liquor within their borders, has been recognized as conferring on the States something more than the normal authority inherent in the police power. Although that amendment did not nullify the other provisions of the *529 Constitution whenever the State seeks to regulate the sale of liquor, it did serve to "strengthen” the State’s authority in that particular area. The court conceded that some of the performances prohibited by the regulations would be entitled to constitutional protection but noted that the regulations claimed to be invalid on their face, in "substance” prohibited performances "that partake more of gross sexuality than of communication” (California v La Rue, supra, at p 118). The State’s conclusion that these acts should not be permitted at places authorized to sell liquor was held not to be "an irrational one” in light of "the evidence from the hearings” (California v La Rue, supra, at pp 115, 116). "Given the added presumption in favor of the validity of the state regulation in this area that the Twenty-first Amendment requires, we cannot hold that the regulations on their face violate the Federal Constitution” (California v La Rue, supra, at pp 118-119).
In the case now before us the plaintiffs do not claim a right to offer performances of explicit sexual acts, live or filmed, real or simulated. Nor are we concerned with nude dancing. There is no contention that the plaintiffs should have a right to present their dancers entirely unclothed, and thus they do not challenge that portion of the statute which prohibits nudity. Nor do they contest the statute insofar as it would prohibit women other than dancers from appearing bare-breasted on their premises. Similarly the plaintiffs do not contest the State’s right to place some restrictions on topless dancing performances as the Liquor Authority’s regulations have done in the past. Finally, of course, the plaintiffs do not claim that they are exempted from the obscenity laws or that topless dancing should always be allowed no matter how, or where performed. The only question before us is whether the statute is constitutional to the extent that it absolutely prohibits liquor licensees from presenting nonobscene topless dancing performances to willing customers under all circumstances.
Thus unlike the court in La Rue, we are not confronted with a broad attack on the facial validity of a statute which in "substance” prohibits acts of "gross sexuality”, most of which are probably criminally obscene as well. Here the challenge narrowly focuses on a rule prohibiting a single activity, topless dancing, which is not inherently obscene. On the contrary it has been legally recognized as a form of expression (Doran v Salem Inn, 422 US 922) like nudity in art and sculpture. Of *530 course involving conduct, as it does, it is undoubtedly subject to more restrictions than the more static arts. But although offensive to some, as all nudity or partial nudity is, it is nevertheless entitled to at least minimal protection under the First Amendment. Certainly the State could not prohibit topless dancing under all circumstances (Doran v Salem Inn, supra). Neither, in our view, may the State arbitrarily prohibit it at all places licensed to sell alcohol.[6]
Here there is nothing in the record to show that the State’s conclusion, that this activity should not take place at licensed premises, was rationally based on evidence demonstrating a need for the rule. Indeed it appears that the law was not prompted by hearings or any legislative awareness of deficiencies in the prior regulation permitting topless dancing subject to restrictions and the continued supervision of the State Liquor Authority.
The State urges however that we indulge an additional presumption and assume that the Legislature did investigate and find sufficient facts to support the legislation (see, e.g., I. L. F. Y. Co. v Temporary State Housing Rent Comm., 10 NY2d 263, 269; Defiance Milk Prods. Co. v Du Mond, 309 NY 537). But even if the presumption could be held to be equivalent to the actual findings made in La Rue — a question we need not decide — it would be inappropriate in this case to presume that topless dancing posed a problem in premises licensed by the State Liquor Authority. It is, in fact, hard to imagine that the agency, which is so vigilant in enforcing the liquor laws and its own regulations would have continued to permit topless dancing at premises authorized to sell liquor if the audiences degenerated into "bacchanalian revelries” or became involved in "incidents of legitimate concern” to the *531 State. Notably, even in California where such incidents occurred in bars permitting gross sexuality, the State found no need to prohibit topless dancing. It simply imposed restrictions similar to those previously found acceptable by the State Liquor Authority in this State (see La Rue v California, 326 F Supp 348, 359).
The State’s power to control and regulate the sale of alcoholic beverages is designed to protect the public from abuses related to alcohol consumption. It is not a license to censor whatever occurs at premises authorized to sell alcohol. Thus when the State employs this power in such a way as to infringe on activities entitled to some constitutional protection, it must at least demonstrate that there is a rational connection between the activity sought to be prohibited and the State’s legitimate concern in controlling liquor consumption.[7] On the record before us there is nothing which would rationally support a conclusion that in this State it is dangerous to mix alcohol and topless dancing.
Accordingly the judgment of the Supreme Court, Erie County, should be affirmed.

. The rules provide that a license or permit may be revoked, canceled or suspended "For suffering or permitting on licensed premises (1) any lewd or indecent conduct or (2) any person to appear unclothed or in such manner or attire as to expose to view any portion of the pubic hair, anus, vulva or genitals, or any simulation thereof’ (9 NYCRR 53.1 [r]).

. This rule (former subd [s] of 9 NYCRR 53.1) provided that the licensee should not suffer or permit "any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or any simulation thereof. The provisions of this subdivision shall not apply to any female entertainer performing on a stage or platform which is at least 18 inches above the immediate floor level and which is removed by at least six feet from the nearest patron.”

. The statute reads as follows: "No retail licensee for on-premises consumption shall suffer or permit any person to appear on licensed premises in such manner or attire as to expose to view any portion of the pubic area, anus, vulva or genitals, or any simulation thereof, nor shall suffer or permit any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola” (Alcoholic Beverage Control Law, § 106, subd 6-a).

. The Twenty-first Amendment, which repealed national prohibition, also provides in the second section: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited.”

. The court expressly relied on the First Amendment. Although it also concluded, summarily, that subdivision 6-a violated section 8 of article I of the State Constitution, we find it unnecessary to consider that question or the additional points raised in the complaint, since in our view, the First Amendment argument presented in the first cause of action is dispositive.

. We recognize, as the dissent does, that in Doran the Supreme Court observed, in dictum (at pp 932-933), that they had concluded in La Rue that "the broad powers of the States to regulate the sale of liquor, conferred by the Twenty-first Amendment, outweighed any First Amendment interest in nude dancing and that a State could therefore ban such dancing as a part of its liquor license program”. We also note, however, that more recently the Supreme Court has taken a narrower view of its holding in La Rue, indicating, again by way of dictum, that in that case they had simply "relied upon the Twenty-first Amendment to 'strengthen’ the State’s authority to regulate live entertainment at establishments licensed to dispense liquor, at least when the performances 'partake more of gross sexuality than of communication’ ” (Craig v Boren, 429 US 190, 207). We, of course, do not consider this dictum any more controlling than the contrary dictum in Doran. What we do consider dispositive are the factors which the Supreme Court discussed so extensively and actually relied upon in La Rue as noted above.

. Of course when the State seeks to prohibit more traditional forms of expression, it must make a more compelling showing of need for the restriction. For instance, it would be most difficult to sustain a law prohibiting political discussions in places where alcohol is sold by the drink, even though the record may show, conclusively, that political discussions in bars often lead to disorderly behavior, assaults and even homicide.