Richard **GABRIELE**

v.

**TOWN OF OLD ORCHARD BEACH.**

Supreme Judicial Court of Maine.

Argued May 1, 1980.

Decided Oct. 3, 1980.

Kelly, Remmel & Zimmerman, Graydon G. Stevens (orally), John N. Kelly, Portland, for plaintiff.

Bernstein, Shur, Sawyer & Nelson, F. Paul Frinsko (orally), Geoffrey H. Hole, Portland, for defendant.

Before McKUSICK, C. J., and WER-NICK, GODFREY, NICHOLS and ROB-ERTS, JJ.

WERNICK, Justice.

In a prior case involving the parties to this action, the plaintiff Richard Gabriele and the defendant Town of Old Orchard Beach, (Gabriele I) we rejected constitutional challenges directed against an Ordinance of the Town that prohibited live displays of nudity in premises licensed to sell alcoholic beverages for consumption on the premises.[1] In *Gabriele I* the plaintiff contended that the ban imposed by the Ordinance violated due process of law and the equal protection of the laws, and also effected "overbreadth" intrusions upon constitutionally protected speech. *Gabriele I* involved a factual context in which waitresses working for Gabriele in a tavern owned by him in Old Orchard Beach, the Bikini Tavern, worked topless—i. e., naked from the waist up.

After the decision in *Gabriele I* plaintiff began to offer the patrons of his Bikini Tavern the entertainment of a female dancing topless. On April 26, 1979 defendant Town enacted a "Special Amusement Permit" Ordinance purporting to regulate live entertainment offered in businesses licensed to sell alcoholic beverages for consumption on the premises. The Ordinance contained a prohibition against the

> "actual or simulated displaying of ... any portion of the female breasts at or below the areola area thereof."

On May 11, 1979, plaintiff Gabriele instituted action in the Superior Court (York County) seeking (1) a declaratory adjudication that the application of the Town's Ordinance to the topless dancing by a female offered as entertainment in his Bikini Tavern violated his constitutional rights, and (2) a permanent injunction prohibiting application of the Ordinance to deny his right to continue to provide such entertainment.

A hearing was held, which was consolidated as to both plaintiff's application for a preliminary injunction and the prayer in his complaint for a permanent injunction. Thereafter, the Superior Court decided that as applied to the topless dancing entertain-

---

1. That case was entitled *Gabriel v. Town of Old Orchard Beach*, Me., 390 A.2d 1065 (1978). Apparently, there, the plaintiff's name was misspelled on this Court's docket.

ment offered patrons at plaintiff's tavern, even if the dancing was not such as to be obscene, the Ordinance of defendant Town did not unconstitutionally encroach upon speech or expression. The Superior Court therefore refused to enjoin the enforcement of the Ordinance as prayed for by plaintiff. From this judgment entered in the Superior Court plaintiff has appealed to this Court.

For the purposes of the appeal the parties have stipulated the following facts. To encourage business at his Bikini Tavern, which is licensed by the State for the sale of alcoholic beverages for consumption on the premises, plaintiff provided entertainment for the patrons consisting of a female dancing entirely naked above the waist. The dancing took place on what was referred to as a "stage" area, raised above the level of the floor on which the patrons stood or sat. The "Special Amusement Permit" Ordinance, enacted by defendant Town of Old Orchard Beach on April 26, 1979, required all establishments licensed to sell intoxicating liquor for consumption on the premises to obtain a special amusement permit from the Town before any live music, dancing, or entertainment could occur on their premises. Section 2.7 of that Ordinance provided:

"Section 2.7 LIVE ENTERTAINMENT REGULATION

"The purpose of this section is to regulate nudity as a form of live entertainment at those establishments at which alcoholic beverages are served or consumed, and which are licensees under this Ordinance.

"No licensee shall permit entertainment on the licensed premises whether provided by professional entertainer(s), employees of the licensed premises, or any other person, when the entertainment involves:

\*      \*      \*      \*      \*      \*

"C. The actual or simulated displaying of the genitals, pubic hair, buttocks, anus, or any portion of the female breasts at or below the areola area thereof."

The Ordinance was asserted against plaintiff, who thereupon complied with its requirements by ceasing to have topless dancing by a female presented as entertainment in his tavern.

In deciding against plaintiff, the Superior Court justice relied on this Court's analysis in *Gabriele I*. Plaintiff vigorously contends that this was an erroneous approach because: (1) *Gabriele I* on its facts related only to female waitresses who worked, topless, in close contact with the patrons they served, whereas the case at bar pertains to a female who provides live entertainment by dancing topless on a stage area elevated above the floor level on which patrons are seated or stand; and (2) *Gabriele I* involved only an attack on the *facial* constitutionality of an Ordinance entitled "Ordinance Controlling Nudity in Licensed Businesses", whereas the contention here is that a different Ordinance of defendant Town (entitled "Special Amusement Permit" Ordinance and the purpose of which is stated to be "to control the issuance of special permits for music, dancing, or entertainment in facilities licensed by the State of Maine to sell liquor ...") is unconstitutional as *particularly applied* to topless dancing by a female on a stage area.

Without need to discuss whether *Gabriele I* lacks precedential force as to the case at bar because of the distinctions plaintiff points out, we conclude that the Superior Court correctly rejected the constitutional attack now being made by plaintiff.

Since the decision by the Supreme Court of the United States in *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), there has been a persisting controversy among various courts, both federal and state, regarding whether *LaRue* should be strictly confined to its particular facts or should be given the larger doctrinal scope conveyed by some of its broad language saying that a state may constitutionally decide that

"naked dancing and entertainment should not take place in bars and cocktail lounges for which it has licensing responsibility." *Id.*, at 115, 93 S.Ct. at 395.

Fuel was later added to the flames of this dispute when the Supreme Court referred to *LaRue* in *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932–33, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975), and said:

"In *LaRue*, ... we concluded that the broad powers of the States to regulate the sale of liquor, conferred by the Twenty–first Amendment, outweighed any First Amendment interest in nude dancing and that a State could therefore ban such dancing as part of its liquor license program."

Still later, in *Craig v. Boren*, 429 U.S. 190, 207, 97 S.Ct. 451, 462, 50 L.Ed.2d 397 (1976), the Court caused the flames of controversy to become even more heated when it made the comment that in *LaRue* it had

"relied upon the Twenty–first Amendment to 'strengthen' the State's authority to regulate live entertainment at establishments licensed to dispense liquor, at least when the performances 'partake more of gross sexuality than of communication'."

As reflecting the opposing sides of this controversy, contrast *Richter v. Department of Alcoholic Beverage Control*, 559 F.2d 1168 (9th Cir. 1977), and *Crownover v. Musick*, 9 Cal.3d 405, 107 Cal.Rptr. 681, 509 P.2d 497 (1973); *cert. den. sub nom., Owen v. Musick*, 415 U.S. 931, 94 S.Ct. 1443, 39 L.Ed.2d 489 (1974) with the cases of *Salem Inn, Inc. v. Frank*, 522 F.2d 1045 (2nd Cir. 1975) and *Bellanca d. b. a. The Main Event, et al. v. New York State Liquor Authority, et al.*, 50 N.Y.2d 524, 429 N.Y.S.2d 616, 407 N.E.2d 460 (1980).

We find it unnecessary to enter the controversy as one of the disputing parties. We believe that it has now been resolved, at least so as to control all courts except the Supreme Court of the United States itself. We take this to be the effect of the Supreme Court's recent disposition of the determination made by the Supreme Court of Indiana of eleven cases which that court consolidated for decision by a single opinion, reported under the general title *State v. Baysinger, et al.*, Ind., 397 N.E.2d 580 (1979) (rehearing denied February 4, 1980).

Involved in the Indiana litigation were several actions brought by persons who were either topless dancers in bars or taverns or owners and operators of bars and taverns providing such entertainment. All of the actions were consolidated for trial because they involved the same activity, namely, dancing "nude" in bars or taverns. An Indiana statute prohibited a person from "knowingly or intentionally, in a public place ... appear[ing] in a state of nudity", and the statute defined "nudity" to include "the showing of the female breast with less than a fully opaque covering of any part of the nipple . . . .."

The plaintiffs sought, and at the trial level were given, injunctive relief against enforcement of the statute on the ground of its facial overbreadth relative to the protections afforded speech by the First–Fourteenth Amendments to the Constitution of the United States. The Indiana Supreme Court described the issues before it in the following language:

(1) "[B]ecause ... [plaintiffs] make their claim as a First Amendment claim, *they* may raise the rights of *others*, although there is no question that *their* conduct *properly* falls within the statute." (397 N.E.2d at 583) (emphasis added)

(2) "[T]he argument goes that because of the potential for restriction of material or performances involving the communication of ideas, or speech, it is constitutionally required to tolerate or to allow some nudity *in some contexts as part of some larger form of expression.*" (397 N.E.2d 586) (emphasis added)

We interpret the opinion of the Indiana Supreme Court to have made the following decision regarding these two issues. As to the first of the issues, namely, the "standing" of the particular plaintiffs to make a First–Fourteenth Amendment overbreadth attack against the Indiana statute on its face, the language of the opinion strongly suggests that despite the holding of the Supreme Court of the United States affirming standing in the strikingly similar circumstances involved in *Doran v. Salem Inn, supra*, the Indiana Court had serious doubts as to the standing of plaintiffs. The Court, however, shied away from making a square decision denying the standing of plaintiffs.

It proceeded, rather, to address the other of the two issues, the facial overbreadth of the Indiana statute relative to constitutionally protected speech, and the Court rejected the facial overbreadth contention.

Its reasoning was: (1) Indiana "public indecency" statutes like the one under attack, in relation to their definitions of "nudity", had early been limited by Indiana case law so that they would apply only to "public displays" of "nudity" occurring other than as a part of written material, or of a motion picture or other pictorial representation, or of a live musical or theatrical performance or production; (2) as thus limited, even if the Indiana statute under attack might apply to activity embodying speech as an ingredient, the involvement of speech as being a communication of content is so minimal that it becomes irrelevant to the constitutionality of the statute whether obscenity is also involved in the prohibited activity; (3) the activity of a female's dancing topless, as such and without more, occurring in a public place is an activity involving so minimal an element of content–conveying speech that it becomes irrelevant to the constitutionality of the prohibition of that activity whether obscenity is involved as an additional ingredient; (4) it has been a traditional, and legitimate, exercise of state police power to protect against "public indecency" by prohibiting displays of nudity in public places; (5) hence, notwithstanding that on its face the Indiana statute is broad enough to apply to nude dancing, as such, occurring in public places other than those covered by the State's liquor licensing program, the statute is not unconstitutional as an undue abridgement of protected speech but is, rather, a valid exercise of the traditional police power of the State to protect against the "public indecency" of a display of nudity in any public place.

The decision of the Indiana Supreme Court thus went even beyond the broad language of *Doran v. Salem Inn, supra,* characterizing *California v. LaRue, supra,* as standing for the proposition that "the broad powers of the States to regulate the sale of liquor, conferred by the Twenty–first Amendment, outweighed any First Amendment interest in nude dancing and that a State could therefore ban such dancing as a part of its liquor license program." 422 U.S. 922, at 932–33, 95 S.Ct. 2561, at 2568.

In the face of the controversy regarding whether the language in *Doran v. Salem Inn* was an accurate statement of the scope of the actual decisions of the Supreme Court of the United States, the Indiana Supreme Court squarely took the position that it was entirely consistent with the First–Fourteenth Amendments to prohibit the activity of topless dancing by a female, as such and without more, not only in bars or taverns pursuant to powers conferred by the Twenty–first Amendment but also in any public place pursuant to the traditional power of a State to protect against public "indecency."

The question of the correctness of this decision, relative to First–Fourteenth Amendment constitutional protections, was raised before the Supreme Court of the United States in an appeal to that Court from the judgment of the Indiana Supreme Court.[2] On May 12, 1980 the Supreme Court of the United States dismissed the appeal for want of a substantial federal question. *State v. Baysinger, et al, sub nom. Clark v. Indiana,* —— U.S. ——, 100 S.Ct. 2146, 64 L.Ed.2d 784 (1980).

Pursuant to *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), *see also Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), this disposition signifies that the Supreme Court of the United States sustained *on the merits,* with precedential force as to all courts except the Supreme Court of the United States itself, the Indiana Court's decision that a statute which is facially so broad that it prohibits topless dancing by a female occurring in *any* public place–provided that the dancing does not occur as a part of written material, or of a motion picture or

---

**2.** The appeal was taken by Susan Clark, one of the plaintiffs in the Indiana actions who, as an employee of one of the taverns involved, entertained in the tavern by dancing topless.

other pictorial representation, or of a live musical or theatrical performance or production—does not embody an unconstitutional encroachment on speech or expression.[3]

For the purposes of our decision in the case at bar, then, we must conclude that the action by the Supreme Court of the United States in the Indiana cases makes plain, *a fortiori*, that what was stated in dictum in *Doran v. Salem Inn* is now precedentially controlling as to all courts in the land except the Supreme Court of the United States. We take it to be thus settled, now, that pursuant to powers conferred by the Twenty–first Amendment, the prohibition (without regard to considerations of obscenity) of live topless dancing by a female in a bar or tavern—more particularly where such activity occurs merely as such without being part of a larger context reasonably classifiable as a musical or theatrical production or performance—is consistent with First–Fourteenth Amendment protections of speech.

In the present case the topless dancing by a female presented as live entertainment in plaintiff's bar was nude dancing being presented merely as such. That it may have occurred on a slightly elevated area designated a "stage" did not transform it into a live musical or theatrical production or performance involving a sufficient communication of content to bring obscenity into play as a factor necessarily to be evaluated in the determination whether or not the prohibition of such nude dancing effected an unconstitutional abridgement of speech. Hence, in the circumstances of the instant case the prohibition of the nude dancing presented as live entertainment in plaintiff's tavern was an exercise of powers conferred by the Twenty–first Amendment which did not transgress the independent protections afforded speech or expression by the First–Fourteenth Amendments.

3. Susan Clark's appeal also sought to have the Supreme Court of the United States address the issue of her standing to attack the constitutionality of the Indiana statute on the ground of its facial overbreadth. Apparently, she raised this standing issue because of language in the Indiana Court's opinion that could be interpret-

The entry shall be:

Appeal denied; judgment of the Superior Court affirmed.

All concurring.

ed as expressing doubts regarding the continuing viability of the holding on standing in *Doran v. Salem Inn, supra.* Since, however, the Indiana Court refrained from actually deciding that Susan Clark lacked standing, no question at all regarding standing, as decided in *Doran*, was presented.