Gabrielli, J.
(dissenting). I am again impelled to dissent from the majority’s holding that the Legislature has no power to proscribe female topless dancing in an establishment which is licensed by the State Liquor Authority to dispense alcoholic beverages for on-premises consumption.
When the appeal was previously before this court, the majority declared the statutory ban on topless dancing in licensed establishments unconstitutional, as a consequence of the statute’s impermissible infringement on the Federal Constitution’s guarantee of the freedom of expression (US Const, 1st Arndt). The majority there declared that the State had not justified its attempt to regulate the mixture of topless dancing and alcohol. In so doing, our court failed to appreciate the broad power given the State by the Twenty-first Amendment to regulate the sale of liquor within its boundaries (Bellanca v New York State Liq. Auth., 50 NY2d 524). Having been reversed by the United States Supreme Court on this point directly (New York *238 State Liq. Auth. v Bellanca, 452 US 714), the majority now turns to our State Constitution to reach the same result. I cannot agree.
In its reliance on the State-Constitution (NY Const, art I, § 8), the majority, for the first time, holds legislative activity to be unlawful on the basis of its infringement on the freedom of expression, notwithstanding the fact that the United States Supreme Court has clearly and expressly declared that the statute is within the ambit of State legislative power. The basis for the present holding by the same Judges who comprised the majority whose decision, as noted, was reversed by the Supreme Court, is that our State Constitution, whose guarantee of freedom of expression is worded in the same terms as the Federal guarantee,[1] nevertheless does not contain a counterpart of the Twenty-first Amendment. Thus, it is intimated, in the absence of such a proclamation in our Constitution, the State is forbidden the power to regulate the sale of liquor, where that regulation impairs, in any way, some form of the freedom of expression.
I do not quarrel with the use of our State Constitution to afford broader guarantees to individuals than those granted by the Federal Constitution. Indeed, in a proper case, we have full authority to construe our own Constitution to provide such greater protections. I do not agree, however, with the development of a separate jurisprudence relative to the right of freedom of speech, in the absence of a legally compelling reason for doing so. I am entirely unpersuaded by the rationale of the majority, predicated as it is on the absence of the equivalent of a Twenty-first Amendment in our State Constitution. The Supreme Court has flatly and squarely held that the “State has absolute power under the Twenty-first Amendment to prohibit totally the sale of liquor within its boundaries * * * It is equally well established that a State has broad power under the Twenty-first Amendment to regulate the times, places and circumstances under which liquor may be sold” (New *239 York State Liq. Auth. v Bellanca, 452 US 714, —, 101 S Ct 2599, 2600, supra). To now require, as a precondition to the exercise of such power in a manner expressly condoned by the highest court of this Nation, that the State must enact its own counterpart of the Twenty-first Amendment, is without reason or authority.
Even assuming, arguendo, the propriety of proceeding unhampered by the permissive scope of the Twenty-first Amendment, I have further disagreement with the majority’s holding. As the Supreme Court has noted, “the customary ‘barroom’ type of nude dancing may involve only the barest minimum of protected expression” (Doran v Salem Inn, 422 US 922, 932). Indeed, our own court, on the prior appeal in this very case, recognized that this form of activity is entitled to only “some constitutional protection” (Bellanca v New York State Liq. Auth., 50 NY2d 524, 531, supra [emphasis added]). The court there also noted that the State must demonstrate a rational connection between the activity to be prohibited and the State’s “legitimate concern in controlling liquor consumption”.[2] Of course, our function is limited to making certain that a rational connection exists.
Thus, it appears conclusively that the State need only advance a rational justification for its prohibition on topless dancing in the circumstances presented here. Without question, I believe it has done so. In this connection, I note the legislative support memorandum accompanying the challenged amendment to section 106 of the Alcoholic Beverage Control Law:
“Nudity is the kind of conduct that is a proper subject for legislative action as well as regulation by the State Liquor Authority as a phase of liquor licensing. It has long been held that sexual acts and performances may constitute *240 disorderly behavior within the meaning of the Alcoholic Beverage Control Law. What soberness and dress conceal, drunkenness and nudity reveal. Freedom, undisciplined by a sense of responsibility in its use, can produce chaos.
“Common sense indicates that any form of nudity coupled with alcohol in a public place begets undesirable behavior. This legislation prohibiting nudity in public will once and for all, outlaw conduct which is now quite out of hand.”
This memorandum was quoted with approval by the United States Supreme Court, in support of its view that even if explicit legislative findings were required to uphold the ban on topless dancing, they exist in this case. The majority proclaims, without citation of authority or good reason, that these statements are not sufficient. Thus, the majority would apparently deprive the Legislature of the power to use its “common sense”, as it professed to do in its support memorandum. It is concluded that this memorandum was not adopted by the Legislature, nor, it is said, is there any declaration of legislative intent. Contrary to this conclusion, it is noteworthy that the memorandum is reprinted in the 1977 New York State Legislative Annual (at p 150), whose prefatory remark states: “The Legislative Annual compiles primary source material on New York State legislation for the 1976 regular and extraordinary sessions. By annotating each bill enacted into law with its most pertinent memoranda, which were prepared by the agencies or individuals initiating or recommending particular legislation, the Annual provides contemporaneous documentation of legislative intent”. I think it can safely be concluded that the Legislature was aware of its sponsoring member’s memorandum. In the absence of any indications to the contrary, we can also properly conclude that it adopted that rationale in approving the legislation itself.
Thus, the Legislature has made clear the basis for its proscription of topless dancing on licensed premises. It has determined that nudity coupled with the public consumption of alcohol “begets undesirable behavior”. Surely the Legislature is in a better position to make that determination than is this court. The majority of this court nevertheless concludes that this finding is insufficient. I am at a *241 loss to discern what type of finding would be required before what is essentially a “ Time, place and manner’ ” restriction on a nonobscene display of the human anatomy (see Young v American Mini Theatres, 427 US 50, 58, and analysis thereof; Nowak, Rotunda & Young, Constitutional Law, at pp 845-846; cf. FCC v Pacifica Foundation, 438 US 726) will be permitted by this court. I can only wonder what findings this court would now require if faced with the question of when the Legislature can properly prohibit topless dancing on our public streets, or indeed, on the steps of our own courthouse.[3] The fallacy in the majority’s analysis rests in the imposition on the State Legislature of a high and specific threshold of findings concerning a right which is concededly entitled to only the “barest minimum” of constitutional protection.
The majority expresses concern that the State Liquor Authority neither introduced the amendment in question nor submitted a memorandum in support of its enactment. Thus, they conclude that the authority must have been content with its prior rules regulating topless appearances in licensed premises. In this connection, I note the memorandum to the Governor from the chairman of the State Liquor Authority, which, although received after action by the Governor, recommended approval of the amendment prohibiting nudity in licensed premises. This memorandum states: “Sponsors of the bill argue that there is an ever growing proliferation of topless dancing and go-go establishments, many of which are now creeping into residential areas and operating within short distances of churches and schools. Some of these establishments are being located in areas which are undergoing severe transition and then-presence acts as an additional irritant and causes homeowners to move to other communities. The bill would help to combat the pernicious effect of sex oriented businesses.” *242 Thus, it is clear that the majority’s concern over the State Liquor Authority’s position (or claimed lack thereof) on topless barroom dancing is unfounded. Moreover, the authority’s position is really irrelevant to our determination in this case. We are to be concerned only with the Legislature’s findings and actions, and not those of its agency. Frankly, the majority’s holding demonstrates complete disregard for the action taken by the legislative branch of government with respect to a societal problem particularly within the sphere of authority consigned to its judgment.
As if the Supreme Court’s ruling in Bellcmca were not enough, our own court set forth the charter by which the Legislature could act. In Matter of Beal Props, v State Liq. Auth. (37 NY2d 861), we concluded on the rationale of the dissenting opinion below (45 AD2d 906 [Cooke, J.]), that the State Liquor Authority could not impose a sanction for nude dancing in a bar, inasmuch as that conduct, not lewd or indecent per se, had not been specifically proscribed by either statute or regulation (45 AD2d 906, 908, supra). The inescapable implication of the holding in that case is that once such a statute or regulation were adopted, the State Liquor Authority could properly prohibit nude dancing on licensed premises. The statute in question is nothing more than an effort to follow our direction that before such nonobscene conduct may be prohibited, it must be adequately detailed via statute or regulation so as to give notice to those who must abide by its dictates. I see no difference of constitutional magnitude between totally nude barroom dancing, which the court would apparently allow the Legislature to prohibit, and topless barroom dancing, which, according to the majority of this court, apparently the Legislature may not prohibit. I believe the Legislature acted properly, lawfully and constitutionally. Nonetheless, the majority has determined to go its own way and repudiate our own rationale in Beal. I dissent because I think the majority is wrong in so obdurately rejecting the direction of our prior precedent.
In conclusion, I stress, as I did in my previous dissent, that as Judges we are not to shut our eyes to reality: “No reasonable person, moralist or not, could deny that the ad *243 mixture of alcohol and topless dancing presents a very real possibility of disturbances of the public peace in licensed premises, a problem which may be addressed in advance by the Legislature. The elected representatives of the people of this State have now chosen to avoid such disturbances by means of a reasonable restriction upon establishments which sell liquor for on-premises consumption. Although some may believe this solution to be unwise or unnecessary, there exists no justification for disturbing the legislative judgment in this case” (Bellanca v New York State Liq. Auth., 50 NY2d 524, 534, supra).
Accordingly, I dissent and vote to uphold the constitutionality of subdivision 6-a of section 106 of the Alcoholic Beverage Control Law.

. It must be conceded, and indeed the majority does not controvert or deny, that the provisions of the State and Federal Constitutions do not differ in any significant respect.

. The court emphasized this pronouncement on the level of justification that must be offered by the State in the following statement: “Of course when the State seeks to prohibit more traditional forms of expression, it must make a more compelling showing of need for the restriction. For instance, it would be most difficult to sustain a law prohibiting political discussions in places where alcohol is sold by the drink, even though the record may show, conclusively, that political discussions in bars often lead to disorderly behavior, assaults and even homicide” (Bellanca v New York State Liq. Auth., 50 NY2d 524, 531, n 7).

. I do not, of course, ascribe to the majority's holding the view that legislation prohibiting such conduct is unconstitutional (see Penal Law, §§ 245.00, 245.01, 245.02). However, inasmuch as such legislation is apparently based on the State’s interest in preventing indecent conduct in public and on the necessity of avoiding public disturbance, my difficulty rests merely with the character of legislative findings that would be required before such proscriptions will be found valid.