**CITY OF CLARKSVILLE, et al.,**
**Plaintiff-Appellee,**

v.

**Wiley B. MOORE, Defendant-Appellant.**

Supreme Court of Tennessee,
at Nashville.

April 8, 1985.

Charles L. Johnson, II, Clarksville, for defendant-appellant.

Frank J. Runyon, Clarksville, for plaintiff-appellee.

## OPINION

BROCK, Justice.

The City Court of Clarksville found defendant guilty of violating Clarksville City Ordinance 56–1981–82, § 307.4, which prohibits the open storage of abandoned motor vehicles on residential property. Upon a *de novo* appeal to the Law and Equity Court for Montgomery County, the judgment was affirmed. Defendant appealed to the Court of Appeals. Because the sole determinative question concerns the constitutionality of the city ordinance, the Court of Appeals transferred the case to this Court for review. For the reasons set forth below, we affirm.

The automobile which the trial court found to be abandoned[1] is kept by the defendant on his residential property in Clarksville. It is upside down and has no wheels or battery. Little, if any, of the windows and roof remains. The front and rear bumpers and other valuable parts have been removed from the car. Weeds and grass have grown up around and inside it. Defendant testified that he intended to have the car towed off and dumped.

Defendant received notice from the Clarksville Department of Building Inspections and Permits that he had thirty days within which to clean up his property and comply with Clarksville Ordinance 56–1981–82, § 307(4). Defendant failed to do so, and the housing inspector instituted this suit.

Defendant argues that the ordinance in question is unconstitutionally vague. Section 307.4 of the ordinance reads as follows:

"307.4—CARE OF PREMISES

It shall be unlawful for the owner or occupant of a residential building, structure, or property to utilize the premises of such residential property for the open storage of any abandoned motor vehicle, ice box, refrigerator, stove, glass, building material, building rubbish or similar items. It shall be the duty and responsibility of every such owner or occupant to keep the premises of such residential property clean and to remove from the premises all such abandoned items as listed above, including but not limited to weeds, dead trees, trash, garbage, etc., upon notice from the Housing Official."

An abandoned motor vehicle is defined as "one that is in a state of disrepair and incapable of being moved under its own power." City Ordinance 56–1981–32, § 201.2.

A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application denies due process of law. *State v. Hinsley*, 627 S.W.2d 351, 354 (Tenn.1982), citing, *Cramp v. Board of Public Instruction*, 368 U.S.

---

1. The trial court held that the City failed to carry its burden of proof that two other cars stored in defendant's yard were abandoned vehicles. The City has not appealed from that decision.

278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961), and *United States v. Spector*, 343 U.S. 169, 72 S.Ct. 591, 96 L.Ed.2d 863 (1952). The words of a statute must be sufficiently precise to put an individual on reasonable notice concerning the conduct which is prohibited and must set out boundaries sufficiently distinct for the courts to fairly administer the law. *Hinsley, supra,* 627 S.W.2d at 354. Judged under the above standard, the ordinance in question is not unconstitutionally vague as applied to defendant's conduct. It cannot be seriously questioned that defendant's car is an abandoned vehicle as defined in § 201.2, in view of its condition, location, and position, and defendant's admission that he intends to dispose of it. We also note that defendant was notified that he was in violation of the ordinance and given thirty days to come into compliance before any sanctions were imposed.

Defendant argues that the ordinance is unconstitutionally overbroad in its reach because it prohibits constitutionally protected conduct. He argues that he has standing to raise the issue of the vagueness of the ordinance as applied to other situations, even though the ordinance is properly applicable to his conduct, because overbroad laws deter privileged activity. The flaw in defendant's argument is that the activity in question, unlike the exercise of the right of freedom of speech, for example, is not constitutionally protected from infringement by governmental authorities. Indeed, the doctrine of overbreadth is seldom applied in areas other than those relating to First Amendment rights. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 168, 92 S.Ct. 1965, 1969, 32 L.Ed.2d 627, 1969 (1972). We see no compelling reason on the facts of this case to permit the defendant to raise the issue of the possible vagueness of the ordinance as applied to other factual situations. *City of Chattanooga v. McCoy*, 645 S.W.2d 400 (Tenn.1983).

Finally, defendant argues that the City of Clarksville has denied him the economically viable use of his property without just compensation in violation of Article 1, Section 21 of the Constitution of Tennes-

see. We disagree. The City has not attempted to take defendant's property for a public or private use. It seeks only to have defendant's abandoned vehicle moved from its current inappropriate location and to enforce its housing code. "Ordinances regulating the use and development of property are generally held to lie within the police power of municipal corporations, and their adoption, while frequently affecting property values and restricting use of property, has generally not been considered to amount to a taking under the power of eminent domain...." *Draper v. Haynes*, 567 S.W.2d 462, 465 (Tenn.1978). *See also, Spencer-Sturla Co. v. City of Memphis*, 155 Tenn. 70, 290 S.W. 608, 611 (1927). We find no merit in this issue.

The decree of the trial court is affirmed. Costs incurred upon appeal are taxed against the appellant.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.

