**PP & C, INC., et al.,**
**Plaintiffs/Appellants,**

v.

**The METROPOLITAN BEER PERMIT BOARD, Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Jan. 29, 1992.

Permission to Appeal Denied by
Supreme Court June 22, 1992.

Joel H. Moseley, Moseley & Moseley, Nashville, for plaintiffs/appellants.

Kennetha Sawyers, Metropolitan Atty., Nashville, for defendant/appellee.

## OPINION

CANTRELL, Judge.

The corporate owner of a night club in Nashville and the beer permit holder appeal from a decision of the Davidson County Chancery Court revoking the club's beer license. The appellants claim that the ordinance regulating conduct in establishments selling beer is unenforceable. In addition, the appellants assert that the facts do not support the revocation. We affirm.

## I.

The ordinance in question, Section 5–1–34 of the Metropolitan Nashville and Davidson County Code, prohibits certain acts involving exposure of parts of the body and restricts the area where performers may perform in establishments holding a beer license. Specifically, persons who are employed to sell or serve beer cannot expose certain parts of their bodies, and performers cannot perform or simulate certain sex acts, and cannot touch or display certain parts of the body in performances. In addition the ordinance requires that dancers employed by the permit holder perform only on a stage eighteen inches above the floor and removed at least six feet from the nearest patron.

On May 10, 1988, for violations of the ordinance, the Metropolitan Beer Board revoked the beer permit for the location operated by the appellants. After a trial de novo in the Chancery Court of Davidson County, the court found that various violations of the ordinance had occurred and entered an order affirming the beer board's action.

## II.

■ In the first issue on appeal the appellants contend that the Metropolitan Government did not have the authority to pass the ordinance because the authority had not been delegated by the state. We disagree.

In Tennessee, class B counties (those having a metropolitan form of government, Tenn.Code Ann. § 57–5–104(b)) are authorized to pass ordinances governing the sale of beer and

> may impose additional restrictions, fixing zones and territories and providing hours of opening and closing and providing for the annual renewal of licenses and permits and for such other rules and regulations as will promote public health, morals and safety as they may by ordinance provide.

Tenn.Code Ann. § 57–5–108(b)(1). The courts have held that the same language in the statutes covering municipalities gives the municipality "absolute discretion in the matter of regulation and control of the sale of beer." *Richards v. Lewisburg Alcoholic Beverage Commission,* 543 S.W.2d 852, 853 (Tenn.1977). *See also Watkins v. Naifeh,* 635 S.W.2d 104 (Tenn.1982). We hold that the Metropolitan Government had the authority to pass Section 5–1–34.

## III.

We will discuss the next two issues together because the resolution of the two issues involves the same considerations. First, the appellant alleges that Section 5–1–34 violates the free speech provisions of the First Amendment to the United States Constitution and Article 1, Section 19 of the Tennessee Constitution. In addition, because the ordinance singles out establishments that serve beer, the appellants allege that the ordinance violates the equal protection provisions of the Fourteenth Amendment to the United States Constitution and the due process and class legislation provisions of the Tennessee Constitution, Article 1, Section 8 and Article 11, Section 8.

■ The first argument is conclusively refuted by the decisions of the United States Supreme Court in *City of Newport v. Iacobucci,* 479 U.S. 92, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986) and *New York State Liquor Authority v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981), and by a decision of our own Supreme Court in *City of Chattanooga v. McCoy,* 645 S.W.2d 400 (Tenn.1983). In *Bellanca,* the Court reaffirmed its earlier decision that "the broad powers of the states to regulate the sale of liquor, conferred by the Twenty-first Amendment, outweigh any First Amendment interest in nude dancing." 452 U.S. at 717, 101 S.Ct. at 2601, 69 L.Ed.2d at 360–361. In *Iacobucci,* the Court said, "it is plain that ... the interest in maintaining order outweighs the interest in free expression by dancing nude." 479 U.S. at 97, 107 S.Ct. at 386, 93 L.Ed.2d at 340.

In *McCoy,* our Supreme Court upheld an ordinance of even broader application prohibiting:

(1) The performance of acts or simulated acts of sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation, or any sexual acts which are prohibited by law;

(2) The actual or simulated touching, caressing or fondling on the breasts, buttocks, anus or genitals in public; or

(3) The actual or simulated public displaying of the pubic hair, anus, vulva or genitals.

645 S.W.2d at 400–401.

Since the Chattanooga ordinance applied to any public place and not just to places selling liquor or beer, the court's decision rested on the state's general police power and not on the state's enhanced power to regulate the sale of intoxicating beverages under the Twenty-first Amendment. The state's power over conduct in public places selling alcoholic beverages is even greater. If the state has the power to prohibit the conduct described in the Chattanooga ordinance in all public places, we think it must surely follow that the state has the power under the Twenty-first Amendment, to prohibit the conduct described in Section 5–1–34 in places serving alcoholic beverages.

■ As to the due process and equal protection claims, the same authorities provide an answer to the appellant's argument. The appellant argues that the activity prohibited by the ordinance is a fundamental right which the state cannot selectively prohibit without a compelling reason to do so. *See City of Memphis v. International Brotherhood of Electric Workers Union Local 1288*, 545 S.W.2d 98 (Tenn. 1976). The reality is, however, that nude dancing or nudity in general is minimally protected under the First Amendment. *See Barnes v. Glen Theater, Inc.*, 501 U.S. ——, 111 S.Ct. 2456, 115 L.Ed.2d 504, (1991) (nude dancing as entertainment is within the "outer perimeters" of the first amendment). Therefore, we think that the Metropolitan Government need only have a rational basis for its decision to prohibit certain acts in establishments selling beer when the same prohibition does not extend to all public places. All of the authorities we have cited above recognize that there is a good reason for regulating conduct in public places selling beer.

## IV.

■ The appellant asserts that the trial judge erred in striking the allegations from their complaint alleging that the beer board selectively enforced the ordinance and violated the Open Meetings Law. With respect to the open meetings violation, we think the question is moot because the chancellor heard the case de novo. Assuming that the beer board did violate the Open Meetings Act, the board's decision is not before us. Questions raised before the board have all been tried again and found against the appellants.

■ As to the allegations of selective enforcement of the ordinance, on March 3, 1989, the chancellor ordered the appellants to provide a more definite statement in support of this allegation within fifteen days. The order was not entered until March 19, one day after the fifteen day period ended. Nevertheless, the appellant filed its more definite statement on May 16, 1989—notably, however, without any more specific allegations of selective enforcement. On June 20, 1989, the chancellor struck the paragraph on selective enforcement.

We think the chancellor acted properly. The more definite statement finally filed by the appellants completely failed to set forth a defense based on selective enforcement of the ordinance.

## V.

■ Next, the appellants maintain that there was no proof that beer was being sold at the time the ordinance was violated and that there was no finding below that the alleged violations were detrimental to public health, safety, or morals.

The chancellor correctly held that there is no requirement that the offending conduct occur at the same time beer is being served. The ordinance says that "no beer permit shall be held" where the prohibited acts take place.

**94**

In addition we find no requirement that once the chancellor found a violation of the ordinance he must also find that the conduct was detrimental to public health, morals, or safety. As we said in part II of this opinion, the ordinance was passed under the state's delegation of power to the Metropolitan Government to pass ordinances promoting public health, morals and safety. The ordinance itself recites that the state general assembly has declared that it is contrary to public policy for the conduct described in the ordinance to occur in establishments serving alcoholic beverages. *See* Tenn.Code Ann. § 57–4–204. Further, the ordinance's "purpose of protecting societal order and morality is clear from its text and history." *Barnes v. Glen Theater, Inc.*, 501 U.S. at ——, 111 S.Ct. at 2461, 115 L.Ed.2d at 512. Therefore, a finding of conduct violating the ordinance is a finding that the conduct is detrimental to public health, morality and safety.

### VI.

Finally, the appellants attack the chancellor's factual findings establishing a violation of the ordinance and a separate finding identifying the holder of the permit. We review these findings under Rule 13(d), Tenn.R.App.Proc., presuming them to be correct unless the evidence preponderates against them. The evidence in the record adequately supports the findings made by the chancellor.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants.

TODD, P.J., and LEWIS, J., concur.